Ellis M. WILKINS and Mary Louise WILKINS *v.*
EL DORADO & WESSON RAILROAD

83-258                                                 668 S.W.2d 6

Supreme Court of Arkansas
Opinion delivered April 16, 1984
[Rehearing denied May 21, 1984.*]

---

*HICKMAN, PURTLE & HOLLINGSWORTH, JJ., would strike petition.

*Mays & Crutcher, P.A.,* by: *Richard L. Mays* and *Judith C. Lansky,* for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.,* by: *Robert C. Compton,* for appellee.

P. A. HOLLINGSWORTH, Justice. Ellis M. Wilkins, appellant, sued his employer, the El Dorado and Wesson Railroad, appellee, under the Federal Employers Liability Act. Appellant contended that he injured his back while lifting railroad ties over the side of a hopper or gondola car, a railroad car with sides of varying height but being three feet four inches in this case. In his complaint, Wilkins stated the railroad was negligent in failing to provide a safe place to work and failing to provide him with reasonably safe and suitable machinery and tools with which to do his work. Appellant's wife, Mary Louise Wilkins, alleged a loss of consortium due to her husband's injury. The trial court sustained an objection to testimony offered by the appellant on rebuttal. The Court of Appeals certified this case to this Court under Rule 29 (4) (b). We reverse.

The question is whether the trial court abused its discretion by excluding testimony offered by the appellant on rebuttal. A review of the record reveals that evidence was elicited by Appellee in its case in chief on the standard of unloading cross ties from hopper or gondola cars. D. B. Hart, a witness for the railroad, now employed by the south Central Arkansas Railway and previous to that the Rock Island Railroad testified as follows:

Q.: Do you have an opinion as to what the standard of the railroad industry is in unloading cross ties from gondola cars?

A.: In the many years that I have witnessed the unloading of cars, the method used was by hand.

Q.: All right, and "by hand," that means with railroad section crew or laborers picking up the railroad ties and lifting them out and getting them out of the gondola?

A.:   That's correct.

Q.:   And has that been true, as far as you're concerned, throughout the railroad industry to your knowledge?

A.:   To my knowledge, yes.

Hart was allowed to give his opinion about this practice, including the size of the crews, in the industry based upon his employment with other railroads. This method of unloading and other information surrounding the practice was an important aspect in this case.

In an effort to rebut this testimony, appellant sought to introduce the testimony of Roosevelt Manning, an employee of forty-seven years with the Missouri Pacific Railroad who would testify how he had seen railroad ties unloaded from gondola or hopper cars and the size of the crews during his long work experience. Without stating why, the trial court excluded this testimony.

In *Panger* v. *Duluth, Winnepeg and Pacific Railway Co.*, 490 F.2d 1112 (8th Cir. 1974) the trial court excluded testimony offered by the defendant railroad as to the use of a line-up procedure by other railroads. The Eighth Circuit stated:

> The practices prevailing in an industry are some indication, although not controlling of what a reasonable and prudent practice is and should have been admitted. [Cites omitted]. The plaintiff was allowed to give his opinion regarding the use of the line-up. The line-up and what information was necessary to be included therein was very much an important aspect in this case. Although we cannot know upon what basis the jury found negligence on the part of the Railway, we think exclusion of this relevant testimony substantially prejudiced the Railway's attempt to justify its line-up procedure. We, therefore, reverse and remand for a new trial.

We have held before in *Bain* v. *Fort Smith Light &*

*Traction Company,* 116 Ark. 125, 172 S.W. 843 (1915) that rebuttal testimony must rebut the testimony advance by the other side and should not consist of testimony which might have been advanced as proof in chief. Here, the testimony on standards used in the industry developed during the trial and was therefore a proper subject for rebuttal.

We reverse and remand.