Jerry WHITLOCK *v.* Brad SMITH

88-194 762 S.W.2d 782

Supreme Court of Arkansas
Opinion delivered January 9, 1989

*Boswell, Tucker & Brewster*, by: *Ted Boswell*, for appellant.

*Wallace, Dover & Dixon*, by: *Mark F. Hampton* and *Steve Morley*, for appellee.

DARRELL HICKMAN, Justice. This is a simple battery case. The parties were both truck drivers for Arkansas Best Freight, and during a layover in Dallas, Texas, they had an altercation in a bar. Actually, only one blow was struck; Whitlock hit Smith in the face with his fist. The blow fractured Smith's cheekbone, requiring two surgeries. Smith lost twelve or thirteen weeks of work as a result of the injuries and resulting complications.

Whitlock did not deny striking Smith, but he contended that the blow was struck in self-defense. Another truck driver, Larry Bradbury, was an eyewitness, and his version of the events in Dallas could have been taken by the jury to support Smith's account, that the blow was unprovoked. The jury believed Smith's version and awarded him $24,414.00.

The appeal presents three legal questions. We conclude that the judgment should be affirmed.

First, the appellant's lawyer, an experienced trial advocate, questioned the judge's interruption of his examination of the eyewitness Bradbury. It is argued that the trial judge commented on the evidence, violating Ark. Const. art. 7, § 23 (1874).

During a critical part of Bradbury's testimony involving Smith's actions when Whitlock had left his seat to approach Smith, the following exchange took place before the jury:

[Defense counsel]

Q. Was he [Smith] straddling the chair?

A. Yes.

Q. He stood from the straddle position?

A. Yes, sir.

The Court: I gather you didn't know if he was headed for the door or not?

A. I didn't know what was going on.

The Court: This man [Whitlock] asked him to leave?

A. Yes, sir.

The Court: You didn't know if he was leaving or not?

A. No. sir. But at that point by him asking that and standing ---

At that point Whitlock's lawyer asked for a mistrial. While the judge perhaps should have let the lawyer finish his examination and try his case, we cannot say the questions asked amount to a comment on the evidence in violation of the constitution; nor can we say the conduct of the judge clearly prejudiced the jury. The trial court has some discretion in examining witnesses to clarify their testimony, and when no prejudice appears, there is no abuse of that discretion. *Miller* v. *State*, 250 Ark. 199, 464 S.W.2d 594 (1971); *Clubb* v. *State*, 230 Ark. 688, 326 S.W.2d 816 (1959). The judge made no further remarks or asked any other questions and Bradbury testified at length as to what he saw.

The second question concerns an instruction. The suit was for battery, but the appellee amended his complaint before trial to allege negligence. The trial judge instructed the jury on battery and refused to give an instruction offered by the appellant on comparative fault. It is argued that this was error. It is the duty of the judge to review the evidence presented, decide what the

applicable law is, and instruct the jury. *Life and Casualty Ins. Co. of Tenn.* v. *Gilkey*, 255 Ark. 1060, 505 S.W.2d 200 (1974). This was a battery case, pure and simple, not a negligence case, and the judge correctly refused to give the instruction on comparative fault.

█ Finally, it is argued that the jury rendered a verdict by lot, which would be error. *Scheptmann* v. *Thorn*, 272 Ark. 70, 612 S.W.2d 291 (1981). The appellant contends that the verdict form had twelve numerical figures on it. Arkansas Supreme Court Rule 9(d) prevents us from reviewing this argument because the form was not abstracted. *See Zini* v. *Perciful*, 289 Ark. 343, 711 S.W.2d 477 (1986).

Affirmed.