Darrell PHILLIPS *v.* Dr. John McAULEY

88-197                                        764 S.W.2d 424

Supreme Court of Arkansas
Opinion delivered February 6, 1989

564

*Evans & Evans*, by: *James E. Evans, Jr.*, and *Susan A. Fox*, and *Curtis E. Hogue*, for appellant.

*Friday, Eldredge, & Clark*, by: *Calvin J. Hall*, for appellee.

TOM GLAZE, Justice. This case involves a medical malpractice action against the appellee, Dr. John McAuley. The appellant, Darrell Phillips, was injured in a trucking accident near Clarksville and was transported to the Johnson County Regional Hospital emergency room where he was treated by Dr. McAuley. Phillips was treated for lacerations, the principal one being across the forehead. He also had chest and skull x-rays which were reviewed by Dr. McAuley and Dr. John W. King, a radiologist, who found the x-rays to be normal. Phillips was later discharged into the care of his personal physician.

Some six weeks after his discharge from the hospital, Phillips consulted another doctor who informed him that he had suffered a dislocation of the sixth and seventh cervical vertebrae in the neck. He subsequently filed suit alleging negligence against doctors McAuley, King, and the hospital, but before the date of trial, he voluntarily dismissed the hospital and Dr. King from the suit, leaving McAuley as the sole defendant. After a three day trial, the jury returned a verdict in favor of Dr. McAuley. Phillips' sole assignment of error on appeal is that the trial court abused its·

discretion in allowing Dr. King to testify as an expert witness when Dr. McAuley had failed to disclose King as a witness during pretrial discovery. We find no abuse of discretion, and therefore affirm.

■ Under the dictates of ARCP Rule 26(e)(2)(B), a party is under a duty to seasonably amend a prior response to discovery when he knows that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment. We recently applied this rule in *Dunlap* v. *Buchanan*, 293 Ark. 179, 735 S.W.2d 705 (1987), where the trial court allowed the introduction of rebuttal evidence that had not been listed in pretrial discovery. At the close of Dunlap's case-in-chief, Buchanan supplemented his response by notifying Dunlap and the court that he would seek to introduce medical records not listed in the original response. We held that the court did not abuse its discretion in admitting the evidence since Buchanan's response was truthful when made and the need to change the response was the result of trial developments.

In the instant case, twelve months before trial, Dr. McAuley asked Phillips by interrogatory for a list of witnesses and their expected testimony. Phillips listed, among others, a Dr. Shealy and responded that Dr. Shealy might testify that "Dr. McAuley either failed to order x-rays, failed to have x-rays taken when he found out x-rays were not taken, had x-rays taken and failed to diagnose properly or in some manner he deviated drastically from accepted medical practice by failing to have x-rays taken of the neck region of Darrell W. Phillips." Phillips, in turn, asked Dr. McAuley for a list of his witnesses and their expected testimony. Dr. King's name was not listed on Dr. McAuley's response.

On the second day of trial, during the morning session, Phillips' counsel called Dr. Shealy to the stand, and asked him to review the chest x-ray taken of Phillips on the day of his accident. Shealy viewed this film in the presence of the jury and testified that he could see the sixth and seventh cervical vertebrae and that there was a visible abnormality present. He concluded that this abnormality would have raised his suspicion and would have suggested the need for a cervical x-ray, and that the failure to have taken a cervical x-ray amounted to medical malpractice.

That afternoon, counsel for Dr. McAuley stated on the record, and as notice to Phillips' counsel, that a subpoena was being issued for Dr. King to be in court the next day as a rebuttal witness. Phillips' counsel objected on the grounds that King had never been listed or disclosed as a witness. The court, in overruling Phillips' objection, noted that Dr. Shealy, by his own admission, had never seen the chest x-ray that served as the basis of his opinion testimony until five days before trial. Thus, the court determined that Dr. Shealy's testimony concerning the chest x-ray was new and permitted King to testify as a rebuttal witness.

There was clearly no knowing concealment involved in this case. In addition to Dr. Shealy's admission concerning when he first viewed the chest x-ray, he had stated in his earlier deposition (before having seen the chest x-ray) that he had all the information he needed to formulate an opinion. He further stated that if he changed his opinion in any manner or formed new opinions, he would inform McAuley's counsel in writing. At trial, when counsel for Dr. McAuley inquired as to why he was not informed of this new opinion beforehand, Phillips' trial counsel said, "I'll stipulate, judge, that I let him know today."

Thus, Dr. McAuley's need to supplement the response was, under the circumstances described, seasonably made and obviously a result of trial developments. Accordingly, Dr. Shealy's testimony was a proper subject for rebuttal. Rebuttal testimony must rebut the testimony advanced by the other side and should not consist of testimony which might have been advanced as proof in chief. *Wilkins* v. *El Dorado & Wesson R.R.*, 282 Ark. 236, 668 S.W.2d 6 (1984). Here, Dr. McAuley initially had no reason to offer Dr. King as a witness since the only importance of the chest x-rays to McAuley — at least until Dr. Shealy's testimony— was that they had been taken soley to detect whether Phillips was suffering from any problems related to his heart. After Shealy's revelation at trial, McAuley was clearly allowed to call Dr. King to counter Shealy's testimony—which King did by testifying that there was no abnormality present on the film and that the purpose of a chest x-ray is not to view the neck region.

Because we find the trial court did not abuse its discretion in permitting Dr. King's rebuttal testimony, we affirm.