Brenda CARR *v.* GENERAL MOTORS CORPORATION

95-600                                          911 S.W.2d 575

Supreme Court of Arkansas
Opinion delivered December 4, 1995

*The Cortinez Law Firm, P.A.*, by: *Robert S. Cortinez* and *Robert S. Tschiemer*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *G. Spence Fricke*, and *Derek J. Edwards*, for appellees.

ANDREE LAYTON ROAF, Justice. This is a products liability case. Appellant Brenda Carr was injured when the automobile she was driving was struck from the rear while she was stopped at a traffic light. She filed suit against appellee General Motors Corporation (GMC) alleging that the front seat of her 1984 Buick Regal was defective in design and negligently constructed. She appeals from a jury verdict in favor of appellee and from the denial of her motion for a new trial. We affirm.

During the trial, appellant presented expert testimony that her injuries, including a broken neck, occurred when her seat yielded backward on impact, and she was propelled into the rear of the car, striking her head on the back of the rear seat. The appellee countered this evidence with expert testimony that the seat in fact performed as intended by giving or yielding in the accident. GMC's expert further stated that the appellant's head could have struck the roof of the car with even greater force and with the risk to appellant of paralysis, if the seat been designed to remain rigid in a collision.

On appeal, appellant asserts the trial court erred in making several evidentiary rulings. She raises six points on appeal; however, in her argument, these points are consolidated into three contentions: that the trial court erred in 1) allowing appellee's expert to display to the jury certain diagrams not provided to appellant during discovery, 2) not allowing appellant to introduce into evidence or display to the jury certain documents, films

and tests, or to cross-examine one of appellee's experts using one of the excluded films and 3) not allowing appellant to introduce into evidence reports obtained from GMC of prior substantially similar seatback failures, or to examine appellant's expert concerning his interview of a person who made one such report. We do not reach the merits of any of appellant's arguments because she failed to abstract the appellee's diagrams complained of in her first point, and failed to proffer during trial any of the documents, films and testimony she contends were erroneously excluded by the trial court.

■ Appellant first asserts it was an abuse of discretion for the trial court to allow the appellee to show to the jury "professionally prepared diagrams on enlarged poster board" which were provided to appellant a year after the discovery cut-off, and only a few days prior to trial. She contends that the resulting prejudice to her was severe. The diagrams were used during the testimony of appellee's expert for illustration and were not introduced into evidence; they are not included in the abstract and we are precluded from reviewing the issue on appeal. *J.B. Hunt Transport, Inc.* v. *Doss*, 320 Ark. 660, 899 S.W.2d 464 (1995); *Pennington* v. *City of Sherwood*, 304 Ark. 362, 802 S.W.2d 456 (1991); *see also* Ark. Sup. Ct. R. 4-2(a)(6). As appellant correctly asserts, we will address the merits of such an argument if there is sufficient information in the abstract and briefs of the parties from which the contents of an unabstracted exhibit can be discerned. The appellant submits that "the exhibits were diagrams, blown-up to poster size, of occupant kinematics showing a belted and unbelted passenger." However, there is simply not sufficient information here to determine whether prejudice occurred from the use of the diagrammed illustrations, *see Roe* v. *State*, 310 Ark. 490, 837 S.W. 2d 474 (1992), nor can we determine if other exhibits depicting the occupant of a vehicle belted and unbelted, which were introduced into evidence, were sufficiently similar to render any error harmless. *See Williams* v. *Southwestern Bell Tel. Co.*, 319 Ark. 626, 893 S.W.2d 770 (1995).

Appellant next argues that the exclusion of certain "materials, exhibits and films" obtained shortly before trial from a previous lawsuit of a similar products liability claim against GMC was reversible error because she should have been allowed to use the materials for illustrative purposes or to introduce them

into evidence. These materials were not proffered to the trial court and they are not in the abstract or record of this case. The appellant also sought to cross-examine one of the appellee's experts about a videotape of a crash test from a *60 Minutes* program. The trial court allowed appellant to ask the expert about the crash test but did not permit the *60 Minutes* video to be shown to the expert. This videotape also was not proffered to the trial court.

■ We have said many times that the failure to proffer evidence so that we can see if prejudice results from its exclusion precludes review of the evidence on appeal. *Duncan* v. *State*, 263 Ark. 242, 565 S.W.2d 1 (1978); *see also Wade* v. *Grace*, 321 Ark. 482, 902 S.W.2d 785 (1995); A.R.E. Rule 103(a)(2). Although appellant contends that it is clear from the proceedings that the *60 Minutes* videotape contained crash tests showing that a dummy can ramp over a seat in a collision, the bare assertion that the video contained "crash tests" does not provide sufficient information to allow review of the trial court's ruling. Further, appellant introduced into evidence two exhibits depicting crash tests involving a dummy and we have no means of determining whether the excluded crash tests were distinguishable from the evidence admitted. *See Williams* v. *Southwestern Bell Tel. Co., supra.*

The appellant finally asserts the trial court erred in excluding evidence of prior incidents of seatback failures reported to GMC and in refusing to allow her expert to testify concerning his interview of a person who had reported one such incident. The appellant sought to use the reports to establish that GMC had notice that its non-rigid seatback design was defective. The appellant did introduce through her expert a memo obtained from GMC which noted that the seatback was designed to yield under rear impact and such a condition had a potential for severe injury. The trial court further concluded that the reports could be admitted if a proper foundation was laid, and appellant's expert testified that in his opinion GMC was aware of previous problems with the non-rigid seatback design because "there were a lot of reports of failures and sorts of things on seatbacks and what have you that were produced by GMC during the discovery period."

■ The expert further testified from one of the reports that

"there was a low speed rearend collision and the passenger seat broke . . . name and address, Mary E. Pellegrine . . . seating position, passenger side. Nature of injury, neck and back." However, the trial court did not allow the expert to testify about his interview of Ms. Pellegrine after the appellee objected that her conversation was hearsay. Appellant then stated, "Your Honor, we will withdraw any further testimony regarding that report." Appellant did not pursue the testimony regarding the report, and did not proffer the reports to the trial court. The expert's testimony concerning his interview with Ms. Pellegrine also was not proffered. Again, the appellant's failure to proffer the excluded evidence, including the substance of the witness' testimony, precludes our reaching the merits of her argument. *See Duncan* v. *State, supra*; A.R.E. Rule 103(a)(2).

■ Appellant argues on appeal that an expert is entitled to rely on hearsay and her expert should therefore have been allowed to testify concerning his conversation with Ms. Pellegrine because it was information he obtained to form the basis of his opinion. This argument was not presented to the trial court and thus need not be considered on appeal. *Jarboe* v. *Shelter Ins. Co.*, 317 Ark. 395, 877 S.W.2d 930 (1994).

Affirmed.