Mark ABERNATHY *v.* WELDON, WILLIAMS, & LICK, Inc.

CA 95-309                                      923 S.W.2d 893

Court of Appeals of Arkansas
En Banc
Opinion delivered June 19, 1996
[Petition for rehearing denied August 14, 1996.]

*Wright, Lindsey & Jennings*, by: *H. Keith Morrison*, for appellant.

*Daily, West, Core, Coffman & Canfield*, by: *Robert W. Bishop*, for appellee.

JOHN B. ROBBINS, Judge. On June 4, 1992, August in Arkansas, Inc., placed an order for "souvenir-style" tickets with appellee Weldon, Williams, and Lick, Inc. (Weldon), in the amount of $44,766.65. August in Arkansas wanted to purchase the tickets on credit, but Weldon would not furnish the tickets without a personal guaranty of payment. Such a guaranty was received by Weldon, which allegedly bore the signature of August in Arkansas founder Mark Abernathy. After August in Arkansas failed to pay the amount due on the tickets, Weldon sued Mr. Abernathy for the debt. Mr. Abernathy denied ever making or signing the personal guaranty. However, after a bench trial, judgment was entered against Mr. Abernathy in the amount of $54,350.43. This amount included the purchase price, interest, and attorney's fees. Mr. Abernathy now appeals.[1]

---

[1] Weldon argues that Mr. Abernathy's appeal is untimely. The judgment against him was entered on July 20, 1994; Mr. Abernathy filed a "Motion for Reconsideration, or in the Alternative, to Offer Proof" on July 26, 1994; this motion was deemed denied on August 25, 1994 pursuant to Rule 4(c) of the Arkansas Rules of Appellate Procedure; and he then failed to file his notice of appeal until September 26, 1994 — more than thirty days after his motion was deemed denied. We acknowledge that Rule 4(a) of the Arkansas Rules of Appellate Procedure allows an appealing party only thirty days to file a notice of appeal from the date that its post-judgment motion is deemed denied. However, we also note that Rule 9 of the Arkansas Rules of Appellate Procedure provides that, when the last day of such a time period falls on a weekend, the time for filing is extended until the following Monday. In the instant

For reversal, Mr. Abernathy argues that the trial court erroneously excluded the testimony of two of his witnesses. He also argues that the trial court's decision was erroneous because its finding that the signature on the guaranty was his was clearly against the preponderance of the evidence. Finally, Mr. Abernathy asserts that the trial court erred as a matter of law in ruling that, even if the signature on the guaranty was not his, he had ratified the personal guaranty. We find no error and affirm.

Tina Solesbee Clark was the first to testify at trial on behalf of Weldon. She stated that, in June 1992, she was employed with Weldon as a customer services representative. Ms. Clark testified that, during this time, she was involved in negotiations with Brigette Williams, a representative of August in Arkansas. According to Ms. Clark, Ms. Williams placed an order for tickets and requested that the purchase be made on credit. However, Weldon's president, Jim Walcott, denied August in Arkansas' credit application, and advised Ms. Clark to tell Ms. Williams that the tickets could not be provided on credit unless a personal guaranty was provided by Mr. Abernathy. After this information was relayed to Ms. Williams, she faxed to Weldon a document that purported to be a guaranty signed by Mr. Abernathy. This guaranty stated, "I, Mark Abernathy, am the founder and president of August in Arkansas and present myself as guarantor for payment of August in Arkansas festival tickets money."

Terry Vaughan, credit manager for Weldon, testified next. She asserted that she received the fax which purported to be the personal guaranty of Mr. Abernathy. Ms. Vaughan stated that, upon consideration of this document, Weldon decided to extend credit. After the account became delinquent, Ms. Vaughan had a telephone conversation with Mr. Abernathy. According to Ms. Vaughan, this occurred on August 26, 1992, and during the conversation Mr. Abernathy "told me that since he had signed a personal guaranty, that we would be at the top of his list for payment, and he would probably make one the following week." However, no such payment was ever received.

case, Mr. Abernathy's notice of appeal was timely because September 24, 1994, fell on a Saturday and his notice of appeal was filed on the following Monday.

Mr. Walcott also testified that he talked with Mr. Abernathy by telephone when the account became delinquent. He stated that, during a conversation on November 13, 1992, Mr. Abernathy acknowledged that he had signed a personal guaranty and was personally liable for the indebtedness. Mr. Walcott further stated that Mr. Abernathy convinced him that everything was being done to make sure that the payment would be made. Although no payment terms were arranged during the conversation, Mr. Walcott stated that Mr. Abernathy's representations convinced him that Mr. Abernathy was going to make the necessary payment.

Mr. Abernathy testified on his own behalf, and he denied having signed the guaranty or giving anyone else permission to do so. He reasoned that the purported guaranty that was faxed to Weldon must have been a forgery, and that he knew nothing about any supposed guaranty until long after the festival. Mr. Abernathy acknowledged speaking with Mr. Walcott in November 1992, but said that he never told Mr. Walcott that he had signed the document or would guarantee the debt. Mr. Abernathy testified that he had never seen or talked with anyone from Weldon prior to the festival, and that he had nothing to do with the credit extended for the purchase of the tickets.

Mr. Abernathy's first argument on appeal is that the trial court erred in excluding the testimony of two of his witnesses. Only four days before the trial was scheduled to begin, Mr. Abernathy supplemented his answers to Weldon's interrogatories, and this supplement contained the names of two additional witnesses, Jackie Michelle and Thomas Vastrick, who were to testify on his behalf. Before the trial began on June 28, 1994, Weldon orally moved in limine to bar the testimony of these two witnesses because their names were not made available in a timely fashion to allow for adequate preparation. Mr. Abernathy responded that Weldon was given adequate notice of the witnesses. The trial court agreed and denied Weldon's motion in limine. However, when Weldon renewed its objection later in the trial, the trial court decided to exclude the testimony of the witnesses because the supplement to Mr. Abernathy's answers to interrogatories was not verified. The supplement was signed by Mr. Abernathy's counsel, but not by Mr. Abernathy. Consequently, the trial court refused to allow the witnesses to testify, and Mr. Abernathy now takes exception to that ruling.

Mr. Abernathy asserts that, while he did not sign the supplement to his answers, this was only a technical error and should not have precluded the witnesses' testimony, particularly in light of the fact that at trial he testified under oath that he approved of the supplement. Mr. Abernathy refers to Rule 37 of the Arkansas Rules of Civil Procedure, which provides certain sanctions for discovery violations. He acknowledges that under the rule, a court may refuse to allow the presentation of certain evidence if it finds that a party has failed to comply with a discovery order or answer interrogatories. However, Mr. Abernathy contends that he answered the interrogatories in a timely fashion, as the trial court originally found. He asserts that the sanctions imposed by the court, which were based solely on the fact that his pleading was unverified, placed form over substance and were unjustified under the circumstances.

Mr. Abernathy further asserts that, had the testimony of the two excluded witnesses been admitted, the outcome of the trial may have been different because their testimony was essential to his defense. An affidavit made by one of the witnesses, Thomas Vastrick, a handwriting expert, was attached to Mr. Abernathy's supplement to his answers. In the affidavit, the expert stated that his analysis of the signature on the purported guaranty, which was faxed to Weldon, was inconclusive. He indicated that, while the signature was similar to that of Mr. Abernathy, he could not rule out forgery or a transfer of the signature from another document because he did not have a copy of the original guaranty. Mr. Abernathy asserts that this evidence and the testimony of the other witness, Jackie Michelle, would have been beneficial to his case, although he does not indicate what the substance of Michelle's testimony would have been.

With respect to Jackie Michelle, we hold that Mr. Abernathy's first argument is precluded from our review because he failed to make a proffer of her testimony at trial. Arkansas Rule of Evidence 103(a)(2) provides that error may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected and the "substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." When a party fails to make a proffer of testimony, he may not take issue with its exclusion on appeal. *Carr v. General Motors Corp.*, 322 Ark. 664, 911 S.W.2d 575 (1995); *Garner v. Kees*, 312 Ark. 251, 848 S.W.2d 423 (1993). In the

case at bar, it is undisputed that no offer of proof was made regarding the excluded testimony of Jackie Michelle. Therefore, any argument about this exclusion was not preserved for our review.

As to the excluded testimony of Thomas Vastrick, we believe that the substance of his testimony was apparent because of his affidavit that was attached to Mr. Abernathy's supplemental answers to interrogatories. However, the gist of his testimony was that he could not determine whether the signature on the guaranty was or was not a forgery. Consequently, even if the trial court erred in excluding this testimony, Mr. Abernathy has failed to demonstrate prejudice. It is no longer presumed that error is prejudicial. *Hibbs* v. *City of Jacksonville*, 24 Ark. App. 111, 749 S.W.2d 350 (1988).

Mr. Abernathy next contends that the trial court's finding that the signature on the guaranty was his was clearly against the preponderance of the evidence. Prior to issuing its ruling, the trial judge stated, "[t]he court believes that this is the signature of Mr. Abernathy or someone has done a good job of forging it." Mr. Abernathy cites Rule 52(a) of the Arkansas Rules of Civil Procedure as authority for the proposition that, after a bench trial, a trial court's findings of fact should be set aside when clearly against the preponderance of the evidence. He asserts that the trial court's ruling on this issue should be reversed pursuant to the above rule.

Although Mr. Abernathy denied signing the guaranty and there were no witnesses to his signing the document, we cannot find that the trial court's ruling on this issue was clearly against the preponderance of the evidence. It is undisputed that Mr. Abernathy was director of development for August in Arkansas and that Weldon would not provide the tickets absent a personal guaranty agreement signed by Mr. Abernathy. While the original guaranty could not be produced at trial, the trial court was presented with a faxed copy which purported to contain Mr. Abernathy's signature. The trial court was able to compare this signature to the signatures on various pleadings filed by Mr. Abernathy in the case, and determined that the signatures matched. From this information, we believe that the trial court could reasonably conclude that Mr. Abernathy signed the guaranty agreement.

Mr. Abernathy's remaining argument is that the trial court erred in finding that he ratified the personal guaranty agreement

through his subsequent telephone conversations with Ms. Vaughan and Mr. Walcott. Specifically, Mr. Abernathy asserts that, absent the finding that he signed the guaranty, he could not be held accountable for the debt because there was insufficient evidence that he ratified a forgery.

■ We find Mr. Abernathy's final argument to be misplaced. The trial court never made a finding that he ratified a forgery by his subsequent actions. Rather, the trial court stated, "[t]he court further believes that whatever is represented in this Exhibit A was adopted by Mr. Abernathy in subsequent conversations with Mr. Walcott and Ms. Vaughan." This finding was one that the trial court apparently considered in strengthening its opinion that Mr. Abernathy actually signed the guaranty and intended to be bound by it. The trial court believed testimony to the effect that, after the festival, Mr. Abernathy represented that he signed and was bound by a guaranty to cover the indebtedness from the tickets. This is further evidence that Mr. Abernathy was the individual who signed the guaranty agreement. The trial court never found that the signature on the guaranty was a forgery or was not that of Mr. Abernathy, or that any ratification took place in the event that the signature was not his. Thus, we reject his final argument.

Affirmed.

JENNINGS, C.J., MAYFIELD, and STROUD, JJ., agree.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I dissent from the majority opinion because I do not think it was harmless error to exclude the testimony of Thomas Vastrick, the handwriting expert. The appellant's defense at trial was based on his contention that the signature on the faxed guaranty was a forgery. The appellant denied signing the guaranty agreement, and there were no witnesses to his signing the document. He further denied giving anyone permission to sign the document on his behalf. After analyzing the signature on the purported guaranty, Mr. Vastrick was not able to rule out that the signature was a forgery or a transfer of the signature from another document.

There was no other expert testimony before the trier of fact evaluating the authenticity of the signature. Thus, the testimony was not cumulative, and only speculation could lead to the conclu-

sion that the appellant was not prejudiced by the exclusion of this evidence. I fail to see how the appellant was not prejudiced when the excluded evidence pertained to his defense and to the very basis on which the appellant was found liable for the indebtedness. Therefore, I think a substantial right of the appellant was affected by the exclusion of the testimony, and I would reverse and remand for a new trial. *See* Ark. R. Evid. 103(a).