Darin DUNLAP, a Minor, by FIRST STATE BANK OF CONWAY, as Guardian of his Estate, and by his Father and Next Friend, Randall T. DUNLAP *v.* Thomas BUCHANAN

87-13                                    735 S.W.2d 705

Supreme Court of Arkansas
Opinion delivered September 14, 1987
[Supplemental Opinion on Denial of Rehearing
October 19, 1987.*]

---

*Glaze, J., concurs.

*The McMath Law Firm, P.A.*, by: *Phillip H. McMath*, for appellants.

*Friday, Eldredge & Clark*, by: *Phillip Malcom* and *Calvin J. Hall*, for appellee.

ROBERT H. DUDLEY, Justice. Appellant, a severely retarded child, filed suit alleging obstetrical malpractice by appellee, a medical doctor specializing in family practice. Appellant alleged that he was injured during birth because of appellee's negligent use of forceps and his failure to perform a cesarean section. Additionally, it was alleged that appellee was negligent in the neonatal management of appellant. After an extended trial the jury returned a verdict in favor of the appellee. The single assignment of error on appeal is that the trial court erred in admitting four records into evidence. We find no abuse of discretion in the ruling and affirm the judgment.

Sixteen months before the trial the appellant asked the appellee by interrogatory to identify "all exhibits the defendant intends to introduce. . . ." Appellee responded that he intended to introduce appellant's various medical records. At the close of the appellant's case-in-chief, the appellee supplemented the response by notifying the appellant and the court that he would seek to introduce four medical records, other than appellant's records, in the presentation of his case. Appellant objected to the admission of the four additional records because they were not listed in the original response.

ARCP Rule 26(e)(2)(B) provides that a party is under a duty to supplement a response to discovery when the responding party "knows that the response though correct when made is no longer true and circumstances are such that a failure to amend

the response is in substance a knowing concealment." This language gives the trial court considerable latitude to excuse failure to supplement when the response to an answer changes, and it requires at least passive concealment before imposition of a sanction. D. Newbern, *Arkansas Civil Practice and Procedure*, § 17-3.

The trial court conducted a hearing before allowing the appellee to introduce the records. The proof at that hearing is summarized as follows:

First, during cross-examination of one of appellant's medical experts, the witness stated that it was unusual for a baby's head to present in a left occipital anterior position with the head crowning. After that answer was given the appellee called the medical records clerk of the hospital where appellant was delivered and obtained a record which showed that many babies present in a left occipital anterior position. Appellee sought to introduce that record to show lack of experience by appellant's expert.

Second, in his case-in-chief the appellant questioned the reason appellee came back to the hospital to see appellant at 11:00 p.m., after receiving a call from a nurse at 6:00 p.m. concerning appellant's condition. In his deposition the appellee had said he did not know why he was at the hospital at that time. During the trial the appellee recalled delivering another baby about that time and then remembered that was the reason he was at the hospital. The appellee then obtained the medical records of the other mother and baby and sought to introduce that record to prove the reason he visited appellant at 11:00 p.m.

Third, in his discovery deposition the appellee testified that he could not perform a cesarean section by himself. At trial it developed that appellant interpreted the statement to mean appellee was incompetent to perform such an operation. The appellee strongly disputed appellant's interpretation, and, during appellant's case-in-chief, obtained a hospital record showing that he was the operating surgeon for a cesarean section only two days after appellant was born and at that time also obtained the hospital's by-laws which provided that an operating surgeon must have a qualified physician assistant during major surgery. Appellant sought to introduce those records to show that appellee was

competent to perform the surgery, but that the operation required two doctors, one for the mother and one for the child.

At the conclusion of the hearing the trial judge ruled that the records should not be excluded from evidence solely as a result of any sanction under Rule 26(e). As can be seen from the summary of the hearing, the proof indicated that the response was truthful when made and the need to change the response was the result of trial developments. Under the circumstances, the supplementation was seasonably made. There was no proof of passive concealment by the appellee, and the trial court did not abuse its discretion in its ruling.

Affirmed.

Supplemental Opinion on Denial of Rehearing
October 19, 1987

738 S.W.2d 93

PER CURIAM. Petition for rehearing is denied.

GLAZE, J., concurs but would supplement the opinion for clarification.

TOM GLAZE, Justice, concurring. Appellants complain in their petition for rehearing that this court, in its opinion, has engrafted a new requirement labeled "passive concealment" that the trial court must consider when ruling, under ARCP Rule 26(c), whether it should excuse a party's failure to supplement a response to discovery. The court's opinion states:

> ARCP Rule 26(e)(2)(B) provides that a party is under a duty to supplement a response to discovery when the responding party "knows that the response though correct when made is no longer true and circumstances are such that a failure to amend the response is in substance a knowing concealment." This language gives the trial court considerable latitude to excuse failure to supplement when the response to an answer changes, and it requires at least passive concealment before imposition of a sanction. D. Newbern, *Arkansas Civil Practice and Procedure*, § 17-3.

Appellants urge the court has incorporated a theory supported only by a civil procedure treatise with no citation of authority, and they could not have anticipated the "passive concealment" requirement. They cite *King* v. *Carden*, 229 Ark. 926, 319 S.W.2d 214 (1959) as controlling, and, based on that holding, submit that this court could have affirmed the case at bar without discussing passive concealment and by simply stating that no prejudice occurred from appellee's failure to supplement his answers prior to trial. I agree with appellants' assessment on this point.

In our opinion, we pointed out that, under ARCP 26(e)(2)(B), a party is under a duty to supplement a response to discovery when the party "knows that the response though correct when made is no longer true and circumstances are such that a failure to amend the response is in substance a *knowing* concealing." (Emphasis mine.) While I understand a "knowing concealing" may trigger a court's sanction under Rule 26, I am uncertain whether a "passive concealment" should, especially since it is unclear what that term encompasses or means. Clearly, that term is not mentioned or defined in Rule 26. If, for example, a passive concealment means a concealment in which a party did not participate but was one about which he should have had knowledge, I am doubtful Rule 26 sanctions would apply.

I suppose we could attempt in this decision to define passive concealment and distinguish or compare such a term with those now appearing in Rule 26. At least, for clarity's sake, we should do just that if this court chooses to add that terminology as words of art for attorneys who must consider and apply Rule 26.

While I agree that the trial court did not abuse its discretion in ruling that appellee's evidence should be admitted at trial, I do agree with appellants that we should exclude the "passive concealment" requirement we mentioned in our opinion. Therefore, I would deny appellants' petition for rehearing but modify the court's opinion deleting the passive concealment references.

At the least, we should define the term "passive concealment" if it is left a part of this court's opinion.