Barry Wayne REGISTER *v.* STATE of Arkansas

CR 92-735                                     855 S.W.2d 320

Supreme Court of Arkansas
Opinion delivered June 14, 1993

*Barry J. Watkins*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant and a codefendant were charged with theft of property and criminal mischief. The codefendant pleaded guilty. Appellant pleaded not guilty, was convicted of both charges by a jury, and, because of prior convictions, was sentenced to enhanced punishments of thirty years and ten years to be served consecutively. At trial he sought to introduce the testimony of the absent codefendant's guilty plea because, he argued, the codefendant was unavailable and his guilty plea was a statement against interest. The trial judge refused to admit the transcript of the guilty plea. Appellants

assigns the ruling as error. We affirm the ruling as well as the judgment of conviction.

The rule of evidence advanced by appellant in this appeal is A.R.E. Rule 804, the rule setting out hearsay exceptions when the declarant is unavailable. He does not argue that the codefendant's plea was admissible under Rule 803, the rule setting out hearsay exceptions when the availability of the declarant is immaterial, and we do not consider possible admissibility under that rule. Under Rule 804, the rule advanced by appellant, two requirements must be met for admissibility. First, subsection (a) requires that the declarant be unavailable, and, second, subsection (b) requires that one of the hearsay exceptions be met. The trial judge ruled that the declarant was "at least technically for the purposes of this rule, unavailable," but that the prior testimony did not meet the requirements of a hearsay exception. We need not decide whether the appellant met the second, or the subsection (b) requirement, because, in fact, appellant did not show that the codefendant was unavailable, and we will affirm the ruling of a trial court if it reached the right result, even though it may be for a different reason. *Summers Chevrolet, Inc.* v. *Yell County*, 310 Ark. 1, 832 S.W.2d 486 (1992). Here, the trial court reached the right result, even though we affirm that result for a reason different than the one stated.

"Unavailability as a witness" includes the situation in which the declarant "[i]s absent from the hearing and the proponent of his statement has been unable to procure . . . his attendance or testimony . . . by process or other reasonable means." A.R.E. Rule 804 (a)(5). The burden of proving unavailability is on the party who offers the prior testimony. *Bussard* v. *State*, 300 Ark. 174, 778 S.W.2d 213 (1989). The party seeking to introduce the prior testimony of a witness because that witness is unavailable must show that he or she made a good faith effort to procure the attendance of the missing witness. *Satterfield* v. *State*, 248 Ark. 395, 451 S.W.2d 730 (1970); *Barber* v. *Page*, 390 U.S. 719 (1968). When there is no attempt to serve process or other effort to obtain the attendance of the missing witness, there is no good faith effort to procure the attendance of the witness, and he is not unavailable as defined by Rule 804 (a)(5). *Leshe* v. *State* 304 Ark. 442, 803 S.W.2d 522 (1991). Here, appellant did not attempt to procure the attendance of the codefendant by

process or other means, even though the codefendant was on supervised probation through the same trial court. Appellant argues that it was not necessary for him to make such an effort because the State had subpoenaed the codefendant. The argument is without merit. The rule requires that the party seeking to have the statement admitted make a good faith effort to procure the attendance of the witness. Appellant made no such effort. In addition, the State's attorney did not make any assurances that the codefendant would be produced for trial. All that appellant's attorney did was to "make some phone calls" and "spoke to who I think is his family." Clearly, such does not meet the requirement of a good faith effort to procure the attendance of the missing witness "by process or other reasonable means." *See Leshe* v. *State.*

Rule 804 (a)(5) makes no distinction between the government and the defendant in defining the word "unavailable." Accordingly, we must keep in mind the requirements of the Confrontation Clause as it might become applicable to a defendant. In order to satisfy the requirements of the Confrontation Clause, a witness in a criminal case is only unavailable if a good faith effort has been made to procure that witness. *United States* v. *Pelton*, 578 F.2d 701 (8th Cir. 1978).

Accordingly, we affirm the ruling of the trial court because appellant did not meet the first requirement of Rule 804, the requirement that the declarant be shown to be unavailable. We do not reach the issue of whether the second requirement was met, that one of the hearsay exceptions was shown.

Affirmed.