## Harold GILBERT *v.* Reginald SHINE

93-229                                          863 S.W.2d 314

Supreme Court of Arkansas
Opinion delivered October 25, 1993

*Davidson Law Firm*, by: *Brandon L. Clark*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Bruce Munson*, for appellee.

STEELE HAYS, Justice. As a result of an intersection accident, Harold Gilbert brought this action for personal injuries against the other driver, Reginald Shine. The jury returned a verdict for the defendant and Gilbert now appeals from the denial of a new trial on two assertions of error: the verdict was not supported by substantial evidence and the trial court abused its discretion in allowing counsel for the defendant to cross-examine him as to prior misdemeanor convictions for hot checks. Finding no error, we affirm.

When a motion for a new trial is made the test to be

applied by the trial court is whether the verdict is against the preponderance of the evidence. ARCP 59(a). But the test on review, where the motion is denied, is whether the verdict is supported by substantial evidence, giving the verdict the benefit of all reasonable inferences permissible under the proof. *Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 226 (1982).

The collision in this case occurred on Martin Luther King Boulevard at its juncture with Interstate 630. Gilbert's pickup truck was behind a van waiting to turn left (south) onto Martin Luther King Boulevard. When the light changed, the van moved forward followed by Gilbert. As Gilbert was turning left his truck was struck by a vehicle driven by Reginald Shine.

Gilbert's testimony was that the light was green for him and red for Shine, a version confirmed by the driver and a passenger in the van. Shine, however, testified that the light was green for northbound traffic. He said he did not see the van prior to the collision:

Q: Do you have a specific recollection of the light of it being green—

A: I looked up at it and I saw a green you know, I didn't see red, I saw a green, maybe. . .

\* \* \*

Q: How long did you have your foot on the brake?

A: I didn't have it on very long because I thought the light was green and I was going through it, and when I looked up the truck came.

Gilbert argues that Shine's testimony proves he wasn't keeping a proper lookout because he failed to see the van and must have been looking down prior to the collision. This testimony, he argues, is proof that Shine's version of the accident was not physically possible. But whether the light was red or green was a disputed issue and however implausible Shine's account of the incident may seem, it was for the jury to resolve. *Nicholson* v. *Century 21*, 307 Ark. 161, 818 S.W.2d 254 (1991). It is the sole province of the jury to determine not merely the credibility of the witnesses, but the weight and value of their testimony. *Fuller* v. *Johnson*, 301 Ark. 14, 781 S.W.2d 463 (1989).

As to Gilbert's contention that the jury's verdict was unsupported by substantial evidence, there are two answers: first, Shine's testimony that the light was green suffices, and, second, where the verdict is against the party having the burden of proof, as in this instance, a literal application of the rule would be untenable, as the defendant may have introduced little or no proof, yet the verdict was for the defendant. We have examined the rule in that context in a number of cases: *See Morton v. American Medical International, Inc.,* 286 Ark. 88, 689 S.W.2d 535 (1985); *Schaeffer v. McGhee,* 286 Ark. 113, 689 S.W.2d 537 (1985), and *Spink v. Mourton,* 235 Ark. 919, 362 S.W.2d 665 (1962).

What evidently occurred in this case is that Gilbert failed to convince the jury by a preponderance of the evidence of one or more of the following elements: that Shine was at fault, that Gilbert sustained injuries, or that his injuries were the proximate result of Shine's negligence. AMI 203.

As to the issue of the checks, Gilbert made a motion in limine to exclude evidence of prior violations of Arkansas hot check laws. The motion was denied and at trial Gilbert testified on direct examination about hot checks. Shine's counsel then probed the issue on cross-examination and over Gilbert's objection the trial court permitted the inquiry as touching on deception with an admonition to the jury to consider it for purposes of credibility. A.R.E. 609(a).

On appeal, Gilbert does not question the denial of the motion in limine, rather, he maintains the trial court permitted the defense to go into too much detail and spend an inordinate amount of time, "exceeding all bounds of probative benefit." However, we find no objections to the trial court on the basis now argued. There were objections based on relevancy and materiality, or because Gilbert was not represented by counsel when the prosecutions occurred, but nothing in keeping with the argument advanced on appeal. *Fuller v. Johnson, supra.*

Affirmed.

HOLT, C.J., not participating.