Earl MARVEL and Linda Marvel Mathis, the Administratrix of the estate of Cora Marvel, Deceased *v.* Don PARKER and Shirley Parker

94-129                                                                 878 S.W.2d 364

Supreme Court of Arkansas
Opinion delivered June 6, 1994

*Hixson & Cleveland*, by: *Herschel Cleveland*, for appellants.

*Terry R. Ballard*, for appellee.

ROBERT H. DUDLEY, Justice. Cora Marvel and Shirley Parker were involved in an altercation. Later, their husbands, Earl Marvel and Don Parker, were involved in a second altercation. Earl Marvel and Cora Marvel, by the administrator of Cora Marvel's estate, filed this tort suit for assault and battery against Don Parker and Shirley Parker. Appellants alleged that both incidents were unprovoked attacks by the Parkers, while the Parkers pleaded the affirmative defense of self-defense. A jury returned a defendant's verdict. Appellants assign five rulings as error. None have merit, and we affirm.

▪ One of appellants' points of appeal is that the verdict "was contrary to the facts of the case and the weight of evidence." The argument in appellants' brief reveals that appellants are asking this court to reweigh the evidence. Determining the weight of the evidence is for the jury and not an appellate court. *See Gilbert* v. *Shine*, 314 Ark. 486, 863 S.W.2d 314 (1993). We need not set out the evidence because appellants did not make a motion for a directed verdict at the close of all the evidence of the affirmative defense or at the close of all of the evidence, nor did they make a motion for a judgment notwithstanding the verdict. Neither the instructions nor the verdict are included in the abstract. The jury may have found that both appellants failed to meet their burdens of proof, that appellees proved their affirmative defenses, or a combination of the two. We do not know which finding the jury might have made, but, certainly, we cannot reweigh the sufficiency of the evidence for the first time on appeal. *See Mikel* v. *Hubbard*, 317 Ark. 125, 876 S.W.2d 558 (1994).

▪ An appeal asking for a new trial under Rule 59 of the Arkansas Rules of Civil Procedure does not require a motion in

the trial court testing whether a verdict was clearly against the preponderance of the evidence. *See* ARCP Rule 59(f); *Yeager* v. *Roberts*, 288 Ark. 156, 702 S.W.2d 793 (1986). But, even if appellants' argument might be intended as one for a new trial, and even if we ignored the fact the verdict might have been because the jury determined that plaintiffs failed to meet their burden or because the defendants proved their affirmative defense or a combination of the two, the argument would fail because the evidence amounted to a swearing match over which parties were the aggressors and which were at fault. In other words, the verdict was not "clearly contrary to the preponderance of the evidence" for each of the possible findings. *See* ARCP Rule 59 (a)(1).

Appellants also assign as error the trial court's ruling involving the use of medical records by Dr. Munir Zufari. The argument comes about as follows. Cora Marvel went to Dr. Rebecca Johnson after her fight with Shirley Parker. Dr. Johnson died, and Dr. Munir Zufari began to treat Mrs. Marvel. Dr. Zufari reviewed Dr. Johnson's medical records. At trial Dr. Zufari testified at length concerning the contents of Dr. Johnson's medical records. However, when he started testifying from his own medical records, appellees objected because Dr. Zufari's medical records had not been supplied to them as requested in discovery. Appellants answered that they had only received the records the previous day and that Dr. Zufari had been on their witness list for a good while. After a lengthy bench conference, the trial judge ruled that Dr. Zufari would not be allowed to rely on his medical records when testifying. The trial court allowed Dr. Zufari to continue testifying and offered appellants a recess for the doctor to review the records. Appellants declined. Dr. Zufari then testified concerning his treatment of Earl Marvel.

Appellants cannot demonstrate that they suffered prejudice by the trial judge's ruling. Dr. Zufari was allowed to testify concerning the information in the records and obviously had no problem remembering the treatment. Nowhere in his testimony did Dr. Zufari fail to answer a question because he could not remember something, and nowhere did he indicate a need to review the medical records. Further, appellants did not request that the witness be allowed to use his records while testifying. They merely requested a recess for the witness to review the records. Because of this, appellants received all the relief they

requested and cannot now complain. *See Odum* v. *State*, 311 Ark. 576, 845 S.W.2d 524 (1993).

■ Appellants point to Rule 612 of the Arkansas Rules of Evidence, which indicates that when a witness uses a writing to refresh memory, the adverse party is entitled to a copy of such writing at the time the writing is used. Appellants argue that they complied with this Rule. That is true. However, the judge denied the witness the use of the records because the records were requested in discovery, but were not provided by appellants. A trial judge's ruling regarding sanctions for discovery violations will not be reversed unless it involves an abuse of discretion. *Rodgers* v. *McRaven's Cherry Pickers, Inc.*, 302 Ark. 140, 788 S.W.2d 227 (1990).

■ Appellants next argue that the trial court erred in allowing the hearsay testimony of a defense witness, Tom Hanson. He testified that immediately after the fight between Don Parker and Earl Marvel, Parker told him that Marvel attacked him. Appellant objected on the basis of hearsay. Hanson continued testifying and stated the substance of the conversation before the trial judge could quiet him. The judge evidently wanted to determine if the statement by Parker was an excited utterance because the judge asked Hanson when the conversation occurred. *See* A.R.E. Rule 803 (2). Appellees' counsel asked Hanson whether Parker related the event just after it occurred. The trial court stated that a better foundation needed to be laid. Appellees' counsel resumed questioning of the witness, and the trial court said nothing more. Appellants failed to renew their hearsay objection or make any other objection to Hanson's testimony. The failure to renew an objection constitutes a waiver of the matter. In addition, the trial judge never ruled on the objection, and appellants had the burden of obtaining a ruling. *Firstbank of Arkansas* v. *Keeling*, 312 Ark. 441, 850 S.W.2d 310 (1993).

■ Appellants argue that the trial judge erred in allowing a witness to testify even though the witness was not on the list of witnesses supplied to appellants during the course of discovery. The applicable rule of civil procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the issues on the pending actions, . . . including the . . . identity and location of persons who . . . will

or may be called as a witness at the trial. . . ." ARCP Rule 26(b)(1). The name of the witness was not supplied. The trial judge conducted an in-chambers hearing and determined that the purpose of the testimony was to rebut appellants' case-in-chief and that there had not been a knowing concealment of the name of the witness. *See Dunlap* v. *Buchanan*, 293 Ark. 179, 735 S.W.2d 705 (1987). The test on appeal is whether the trial judge abused his discretion in the ruling. *Banks* v. *Jackson*, 312 Ark. 232, 848 S.W.2d 408 (1993). We cannot say the trial judge abused his discretion in the ruling on the matter.

The final assignment of error involves the relevancy of testimony by a former deputy sheriff. He testified that three days after the altercation between Cora Marvel and Shirley Parker, he went to the Marvel home to serve some civil papers and that Cora Marvel appeared to be moving about without difficulty. Appellants contend the admission of this evidence was in error because the evidence was not relevant, but even if it had relevance, any relevance was substantially outweighed by the danger of unfair prejudice. *See* A.R.E. Rules 401 & 403. The fact that evidence is prejudicial to a party is not, in itself, reason to exclude evidence. The danger of *unfair* prejudice must substantially outweigh the probative value of the evidence. In the present case the evidence was relevant to Cora Marvel's condition shortly after the incident with appellee Shirley Parker, and the trial judge did not abuse his discretion in ruling that the mention of service of civil papers as part of the deputy sheriff's testimony did not cause such unfair prejudice as to outweigh the relevance of the testimony. *See Peters* v. *Pierce*, 314 Ark. 8, 858 S.W.2d 680 (1993).

Affirmed.