John MILLS *v.* STATE of Arkansas

CR 95-428                                906 S.W.2d 674

Supreme Court of Arkansas
Opinion delivered October 2, 1995

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Deputy Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of committing the crimes of rape and sexual abuse against two young boys. He was sentenced to concurrent terms of life imprisonment and ten years. His point of appeal is procedurally barred. A review of the transcript in accordance with Rule 4-3(h) of the Rules of the Supreme Court discloses no rulings adverse to appellant that constitute reversible error.

■ Appellant contends that a witness, Tamara Pelton, was allowed to give hearsay testimony. The issue came about as follows. After the prosecuting attorney asked Ms. Pelton a number of preliminary questions such as where she lived, where the victims lived, whether she knew the victims, and how she knew the victims, the prosecutor asked Ms. Pelton if she made a report to the police. She answered that she had. The prosecuting attorney then started to ask his next question, but got only as far as: "What took place —". Appellant's attorney objected and stated, in material part: "Tamara's relating what the boys told her . . . would be pure hearsay . . . ." The prosecutor responded, in material part: "We're not relating what they told her for the proof of the facts related, but to show how and when it was reported and the circumstances that the police became involved." The trial court overruled the objection. In the point of appeal, appellant does not seem to contend that this ruling was in error, but because we have some question about the extent of his argument, we hold that the ruling was not in error. The question apparently was to be asked so that the jury could learn when and why Ms. Pelton contacted the police department. The testimony was admissible to show the date and basis of her act, but not to prove the truthfulness of any hearsay assertions she might make. *Jackson* v. *State*,

274 Ark. 317, 624 S.W.2d 437 (1981). There were no further objections.

Six questions later, the prosecuting attorney was attempting to correlate the dates Ms. Pelton saw a change in the boys and the dates the boys spent the night with appellant, and asked, "Now, was this the same period of time you felt like the boys had made this change?" Ms. Pelton gave an answer that first began about the change in the boys. She then volunteered that she asked the boys' stepmother about the change, and Ms. Pelton then testified to the stepmother's statements. She next volunteered that the stepmother told the boys they would be in trouble if they did not tell her what was wrong and why they had changed. Finally, she said: "And that's when they started telling what happened. And that's when I called the authorities. And they told in graphic detail what happened."

■ Appellant now argues that the testimony of Ms. Pelton was hearsay, but for a number of reasons, the argument is not preserved for appeal. The only ruling made by the trial court was a preliminary ruling that the witness could tell when and why she notified the police department. A number of questions later the witness volunteered additional evidence but there was no objection, and there was no motion to strike the unresponsive part of the answer. Under these facts the issue is not preserved for appeal. *Byrum* v. *State*, 318 Ark. 87, 93-94, 884 S.W.2d 248, 252 (1994). The objection must be contemporaneous, or nearly so, with the alleged error. *See Withers* v. *State*, 308 Ark. 507, 825 S.W.2d 819 (1992). Here there was a considerable lapse of time between appellant's objection and the witness's volunteered testimony.

■ In addition, even if appellant's objection might be said to reach the testimony later volunteered by Ms. Pelton, it was waived. When a defendant successfully objects to a question on the basis of hearsay and the same or a similar question is later asked, the defendant must renew his objection or else the initial objection is waived. *Marvel* v. *Parker*, 317 Ark. 232, 878 S.W.2d 364 (1994). There is no affirmative duty on a trial court to subsequently make evidentiary rulings on its own motion. *Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 318 (1993).

■ Finally, we do not reverse a trial court on evidentiary

624

matters unless there is an erroneous and prejudicial ruling. Since there was no ruling about Ms. Pelton's volunteered testimony, there can be no reversible error. *Stevens* v. *State*, 319 Ark. 640, 893 S.W.2d 773 (1995).

Affirmed.