John JONES, Jr. *v.* STATE of Arkansas

CR 96-247                                    931 S.W.2d 83

Supreme Court of Arkansas
Opinion delivered September 23, 1996

*Christopher C. Mercer, Jr.,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Appellant John Jones, Jr., was sentenced to thirty-six years in prison for aggravated robbery and theft. Jones raises several grounds for appeal, including sufficiency of the evidence and four evidentiary issues. We find no error and affirm.

On the evening of January 26, 1995, Carol Reed was robbed at gunpoint in a Kroger parking lot in Little Rock. The assailant held a gun to Reed's face, took her purse containing approximately $200, and fled the scene in a white Chevrolet Blazer. Reed was able to give the police a description of her assailant and the clothing he wore.

Jeana Stout, a customer who was sitting in her car approximately 10-20 feet from the scene of the crime, witnessed the robbery and was able to provide the police with a description of the assailant. Roy Biles, the store manager, heard Reed's screams and came outside the store and into the parking lot just as the assailant was taking Reed's purse. Biles chased the assailant through the parking lot and saw him enter the white Blazer; he was able to give

the police the license plate number of the vehicle.

A few minutes after the robbery, the police located a white Chevy Blazer with the license tag described by Biles parked outside a house on Grant Street. The police took Ms. Reed and Ms. Stout to the Grant Street residence to see if they could identify the assailant. Approximately ten to twenty people were gathered in the front yard of the residence at the time the police arrived with the two witnesses. Both Reed and Stout positively identified Jones as the assailant from the group gathered outside the house. The police arrested Jones and found approximately $457.00 in his pockets.

█ Jones's first argument on appeal is that there was insufficient evidence to support his conviction of aggravated robbery and theft. This court has said on numerous occasions that in order to preserve this issue for appeal, motions for a directed verdict must be made at the close of the State's case-in-chief and again at the close of all the evidence. *Clay* v. *State*, 318 Ark. 550, 886 S.W.2d 608 (1994); *Jackson* v. *State*, 316 Ark. 405, 871 S.W.2d 591 (1994); *Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992). Jones never made a motion for a directed verdict at any point during the trial; consequently, this issue is waived on appeal.

█ Jones also contends that it was error for the State to use a gun similar to the weapon used during the robbery as demonstrative evidence in the trial. Jones filed a motion in limine to suppress the use of the gun, and the court reserved ruling on the matter until trial. Later, during the trial, the court held that the gun could not be used by the State as demonstrative evidence. The gun was never used during the trial. Jones received the relief requested, and accordingly he has no basis for appeal. *Richmond* v. *State*, 320 Ark. 566, 899 S.W.2d 64 (1995); *Rank* v. *State*, 318 Ark. 109, 883 S.W.2d 843 (1994).

█ For his third point on appeal, Jones asserts that the out-of-court identification constituted a violation of his right to due process because it was unduly suggestive and was the result of an illegal arrest. At trial, the victim, an eyewitness, and a police officer testified about the out-of-court identification of Jones. Both the victim and the witness identified Jones as the assailant at trial. Jones did not file a motion to suppress the out-of-court identification. At no time during the trial testimony of any of the witnesses did Jones object to the admissibility of the identification evidence. Instead,

Jones waited until the close of the State's case-in-chief to object. The trial court found that the objection was not timely and that, in any event, the "lineup" was not suggestive. Error may not be predicated upon a ruling admitting evidence unless there is a timely objection. *Bohannan* v. *Underwood*, 300 Ark. 110, 776 S.W.2d 827 (1989); *Walt Bennett Ford, Inc.* v. *Brown*, 283 Ark. 1, 670 S.W.2d 441 (1984). To be timely, an objection must be contemporaneous, or nearly so, with the alleged error. *Callahan* v. *Clark*, 321 Ark. 376, 901 S.W.2d 842 (1995); *Mills* v. *State*, 321 Ark. 621, 906 S.W.2d 674 (1995). The trial court correctly found that waiting until the close of the State's case to object to the identification of Jones was not timely.

Jones also asserts that the jury improperly ignored his exculpatory evidence. At trial, Jones and another defense witness testified that Jones was at the house on Grant Street at the time the robbery was committed. In contrast, the victim and an eyewitness unequivocally testified that Jones was the perpetrator of the crime. On appeal, Jones asserts that the jury improperly ignored his exculpatory evidence. It is the sole province of the jury to judge the credibility of the witnesses. *Callahan, supra.* As such, the jury was free to believe the testimony of the State's witnesses and to discount that of Jones and his witness.

Jones finally contends that the trial court erred when it excluded portions of Norman Lewis's testimony because it contained inadmissible hearsay. According to Lewis's proffered testimony, Ronnie Russell told him that the crime was committed by Michael Daniels while Russell waited in the Blazer. At trial, the defense argued that the testimony was admissible under the "statement against interest" exception to the hearsay rule which requires the proponent to prove that: 1) the declarant is unavailable to testify in court; and 2) the declarant's statement, at the time it was made, was so contrary to the declarant's interest that he or she would not have said it unless he believed it to be true. Ark. R. Evid. 804(a) & (b)(3).

Clearly, the second prong of the test was satisfied because Russell implicated himself in his statement, and thus it was a statement against his penal interest. Ark. R. Evid. 804(b)(3); *See also, Foreman* v. *State*, 321 Ark. 167, 901 S.W.2d 802 (1995). However, it is the first prong of the test that is at issue in this case. According to the Arkansas Rules of Evidence, a witness is "unavail-

able" only if he:

> is absent from the hearing and the proponent of his statement has been unable to procure . . . his attendance or testimony... BY PROCESS or OTHER REASONABLE MEANS.

Ark. R. Evid. 804(a)(5) (emphasis added). The proponent bears the burden of proving the unavailability of the declarant by showing that he or she made a "good-faith effort" to procure the attendance of the missing declarant by use of process, such as a subpoena, or by other reasonable methods. *Register* v. *State*, 313 Ark. 426, 855 S.W.2d 320 (1993). Mere inquires about the declarant's whereabouts may not be sufficient. *Id.* In *Register*, this court held that "mak[ing] some phone calls" and speaking to "who I think [was] his family" were not reasonable efforts to locate the defendant. *Id.*

In this instance, the trial judge asked Jones if the declarant, Ronnie Russell, was available to testify at trial. The following exchange transpired:

> DEFENSE COUNSEL: I haven't been able to find him. Well, hold on, your Honor. It's possible. There was a Ronnie Russell that may have been on your docket, but I don't know if it's the same person.

> THE COURT: So, you're not even saying that his witness is unavailable?

> DEFENSE COUNSEL: Well, the people that I've spoke to don't know how to find him.

The trial court found Jones failed in good faith to use "reasonable efforts" to locate Russell. On appeal, we will overrule that decision only if the trial judge abused his or her discretion. *Lewis* v. *State*, 288 Ark. 595, 709 S.W.2d 56 (1986). Here, we cannot say that the trial court abused its discretion when Jones stated only that he had spoken to some people about Russell and admitted that Russell possibly could have been located. Because Jones failed to show that the declarant was unavailable under Rule 804(a)(5), Norman Lewis's testimony was properly excluded.

Moreover, Jones testified at the trial that he had seen Russell and Daniels jump out of the Blazer, and that Russell told him that Daniels had committed a robbery. This court has stated that evidentiary error is harmless if the same or similar evidence is

otherwise introduced at trial. *Williams* v. *Southwestern Bell Telephone*, 319 Ark. 626, 893 S.W.2d 770 (1995); *Shamlin* v. *Shuffield*, 302 Ark. 164, 787 S.W.2d 687 (1990). Thus, the exclusion of Lewis's testimony, if improper, was at the most harmless error.

On appeal, Jones now argues that Russell's statement was an "excited utterance" and thus an exception to the hearsay rule. Ark. R. Evid. 803 (2). However, Jones did not make this argument to the trial court, and we have said on numerous occasions that we will not consider an argument for the first time on appeal. *Parnell* v. *State*, 323 Ark. 34, 912 S.W.2d 422 (1996).

Affirmed.