John Henry RUSSELL, Debar Russell, Individually and as
Administratrix of the Estate of Cleophus Russell, Deceased *v.*
Thomas COLSON

95-1147                                                928 S.W.2d 794

Supreme Court of Arkansas
Opinion delivered September 30, 1996
[Petition for rehearing denied November 4, 1996.]

*Christopher C. Mercer,* for appellants.

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.,* by: *David
M. Fuqua,* for appellee.

TOM GLAZE, Justice. On November 21, 1990, John Henry Russell was driving a Ford pickup, eastbound on Highway 88 near the Altheimer city limits when it collided with Thomas Colson's Ford Bronco that was heading west on Highway 88. The collision took place at or about where the highway intersects Division Street. Russell, on April 24, 1992, filed suit against Colson, alleging the November 21 accident was caused solely and proximately by Colson.[1] Following a three-day trial, the jury returned a verdict in Colson's favor. Afterwards, Russell filed a motion for judgment notwithstanding verdict or in the alternative, for a new trial, which the trial court denied.

On appeal, Russell argues the trial court erred in denying his motion for judgment NOV or new trial and asserts the jury lacked substantial evidence to support its verdict in behalf of Colson. Russell misstates this court's standard of review when the party seeking directed verdict or a motion for judgment notwithstanding the verdict is the party having the burden of proof in a negligence case. As this court stated in *Potlatch* v. *Missouri Pac. R.R. Co.*, 321 Ark. 314, 902 S.W.2d 217 (1995), it does not affirm the granting of such motions except in rare circumstances. The *Potlatch* court further held that no matter how strong the evidence of the party having the burden of proof in a negligence case, "that party is not entitled to have those facts declared to have reality of law, unless there is utterly no rational basis in the situation, testimonially, circumstantially, or inferentially for a jury to believe otherwise." Here, Russell bore the burden of proof in this negligence case and is therefore bound by the standard reiterated in *Potlatch*. Russell's misstatements aside, we conclude from our review that Colson put on a substantial amount of evidence that supported the jury's verdict. And it is for this reason, we affirm the trial court's denial of a new trial. ARCP Rule 59(a)(6); *Griffin* v. *Woodall*, 318 Ark. 383, 892 S.W.2d 451 (1995).

---

[1] Other Russells were parties, but for clarity purposes, we refer only to John Russell. John Russell's wife, Cleophus Russell, was a passenger at the time of the accident. Her estate was made a party to this suit, and it alleged Cleophus's death was caused by Colson's negligence. Mr. Russell's daughter, Debbar, made a claim for property damage. Emmett Colson, Thomas's father, was also sued by John Russell. Emmett was alleged to be the owner of the pickup driven by Thomas and alleged to have been negligent in giving Thomas possession and control of the pickup. Emmett was ultimately dismissed from the suit on a directed verdict.

At trial Russell and Colson offered conflicting and competing theories of how the November 21 accident occurred. Russell claimed that, as he was traveling east in his lane on Highway 88, the Colson vehicle, traveling west on the highway, was weaving, which caused Russell to enter the westbound lane in an unsuccessful attempt to avoid a collision. Colson, on the other hand, denied his vehicle weaved and offered evidence that Russell's pickup truck merely turned left into the westbound lane in an attempt to enter Division Street. Two eyewitnesses, Page Walt and Matt Jeter, testified in support of Colson's version of what happened. Walt related that he was driving his pickup on Highway 88 following Russell's truck when Russell crossed into Colson's lane in an attempt to turn left onto Division Street. Jeter was a passenger in Walt's truck, and he corroborated Walt's version of what transpired. Jeter also testified that it appeared Russell never saw Colson's vehicle. Russell's own expert, Joel Hicks, testified that there were more points of impact in Colson's lane of travel than in Russell's, that it was possible the collision occurred in Colson's lane and that it was physically possible for the Russell vehicle to have crossed the highway center line and caused the accident. Hicks further stated that examination of Russell's truck showed the steering wheel was "turned half a revolution to the left," thus supporting Colson's version of what happened.

Although Russell argues his cross examination of Walt and Jeter resulted in raising some questions as to whether they remembered correctly the events surrounding the accident, these two witnesses' testimony largely conformed to and supported Colson's version. And, while Russell's expert rejected Colson's story that Russell's vehicle was turning left when the accident happened, there was ample evidence, including the expert's own testimony, to show Russell did negligently turn left into Colson's lane. This court has stated that it is the sole province of the jury to determine not merely the credibility of the witnesses, but the weight and value of their testimony. *Gilbert* v. *Shine*, 314 Ark. 486, 863 S.W.2d 314 (1993).

In the present case, Russell failed to show there was no rational basis for the jury's verdict. Nor, in fact, did he show the court erred in denying his new trial motion, since there was clearly substantial evidence to support the verdict rendered in Colson's behalf.

In conclusion, we briefly note that Russell raises an argument

that because the jury deliberated only twenty-five minutes and took only one exhibit with it, the trial appeared unfair and thus JNOV was warranted for this reason alone. We dispose of this argument by stating that Russell fails to provide any supporting legal authority or convincing argument that a minimum time is required for jury deliberation or that a short deliberation in itself is grounds for the granting of a motion for JNOV or new trial.

Affirmed.

CORBIN, J., not participating.