Donna BELL *v.* William G. DARWIN

96-212                                    937 S.W.2d 665

Supreme Court of Arkansas
Opinion delivered February 17, 1997

*Ellis Law Firm*, by: *George D. Ellis*, for appellant.

*Anderson & Kilpatrick*, by: *Michael P. Vanderford*, for appellee.

TOM GLAZE, Justice. On December 16, 1993, Ronald Bell, with his wife Donna as a passenger, was driving to work in his 1986 Honda east on West Markham Street in Little Rock, when he approached a traffic light where the street intersects St. Vincent Circle on the south side. Appellee William G. Darwin was operating his Chevrolet heading west and was in the left turn lane under the light awaiting clearance of the eastbound traffic, so he could turn onto St. Vincent Circle. Darwin was into Circle Drive when Bell's car struck the right rear panel of Darwin's car. Donna and Ronald Bell were subsequently transported to the hospital by ambulance where it was determined Donna had sustained a fracture to her right lower leg.

The Bells filed suit alleging negligence on Darwin's part and seeking damages for their injuries. At trial, a jury returned general verdicts in Darwin's favor. Donna moved for a new trial, claiming the jury verdict was clearly contrary to the evidence, but the trial court denied her motion. Donna, alone, brings this appeal, urging that the trial court erroneously denied her motion.

Donna contends the jury verdict was outrageous because she was an innocent party who clearly had no fault in causing the

accident. She points out that the trial court gave the jury an instruction on comparative negligence, covering the two drivers, but the instruction did not include Donna since she bore no negligence. In sum, Donna argues that the only circumstance under which she could not have prevailed in her suit against Darwin is for the jury to have found her husband 100% at fault. She suggests such a finding was impossible.

In support of her argument she emphasizes the deposition testimony of Darwin, read at trial, where the following colloquy took place:

> Q: Okay. Now, do you have a feeling or a gut feeling or an educated feeling or opinion, or whatever you want to call it, as to who was at fault in this automobile collision, you or Mr. Bell who was driving?
>
> A: I have to believe that both of us were, but that's for the court to . . .
>
> Q: Sure. Okay. You think that both drivers were at fault?
>
> A: Yes.

Donna further relies on this court's decisions in *Young v. Honeycutt*, 324 Ark. 120, 919 S.W.2d 216 (1996), and *Bristow v. Flurry*, 324 Ark. 51, 894 S.W.2d 894 (1995), where this court upheld the lower courts' granting of new trials, in significant part, because the defendants had conceded or admitted some negligence. Like in *Young* and *Bristow*, Donna argues that the trial court had limited discretion in ruling on her new trial motion, and that the lower court erred in failing to conclude the evidence was clearly against the jury's general verdict effectively finding Ronald 100% at fault. We must disagree.

■ In considering Donna's argument, we agree that, when a motion for a new trial is made, the test to be applied by the trial court is whether the verdict is against the preponderance of the evidence. Ark. R. Civ. P. 59(a); *Gilbert v. Shini*, 314 Ark. 486, 863 S.W.2d 314 (1993). But where the motion is denied, as is the situation here, the test on review is whether the verdict is supported by substantial evidence, giving the verdict the benefit of all reasonable inferences permissible under the proof. *Id., Russell v. Colson*, 326 Ark. 112, 928 S.W.2d 794 (1996).

From our review of the record, we hold that, while the Bells had appropriately introduced Darwin's deposition testimony wherein he opined sharing fault in the collision, the Bells's own trial testimony and that of the investigating officer was sufficient to place the entire blame on Ronald. For example, Ronald related that prior to the accident, he had been on I-630 when traffic became congested, so he took the University Avenue exit, proceeded north to West Markham Street and turned right, heading east. He conceded he was going to be late for work, and never recalled seeing Darwin's car as it turned left in front of him at the intersection. Ronald said that he could not remember if he was in the inside (left) or outside (right) lane on West Markham, but he recalled striking the right rear panel of Darwin's vehicle. He further testified that, as he approached the St. Vincent Circle's intersection, he "looked up and saw yellow and looked down and hit him." Donna testified that the traffic "light was turning yellow when Ronald decided he did not have time to stop before he went through it." And Officer Pam Davis said that, in investigating the collision, Ronald's car struck Darwin's car at the south curb line of West Markham when Darwin's vehicle was already past the turn into St. Vincent Circle.

In addition, Darwin testified in his case-in-chief, but never conceded the fault mentioned in his earlier deposition. Instead, Darwin testified that immediately prior to the collision, he had stopped his car in the left turn lane awaiting the eastbound traffic to clear, and when the light turned yellow, he moved under the light, so he could make the turn onto St. Vincent Circle. He said that he only turned when he saw an eastbound car stop in the outside lane; he then crossed the two eastbound lanes and was driving on St. Vincent Circle when the collision occurred.

██ ██ Obviously, while Darwin had offered sometime prior to trial to share some fault for the accident, conflicting versions of what happened and who was to blame were given at trial. As we have held in prior decisions, it is the sole province of the jury to determine not merely the credibility of the witnesses, but the weight and value of their testimony. *Gilbert* at 487. While Donna strongly argues evidence that, if accepted by the jury, could have placed fault on Darwin, there is, we submit, substantial

evidence from which the jury could have found (and obviously did find) that Ronald was late for work, was inattentive, failed to see Darwin's car, and ran the traffic light, striking the rear panel of Darwin's car after his car had already driven past West Markham's southside curb line and into St. Vincent Circle. Accordingly, we affirm the trial court's ruling, denying Donna's motion for new trial.