———————

No. 96-1726

———————

Barry W. Register,                          *
                                            *
          Appellant,                        *
                                            *
     v.                                     *   Appeal from the United States
                                            *   District Court for the
Larry Norris, Director,                     *   Eastern District of Arkansas.
Arkansas Department of                      *
Correction,                                 *          [UNPUBLISHED]
                                            *
          Appellee.                         *

———————

Submitted:   April 16, 1997

Filed:       May 9, 1997
———————

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and
     BEAM, Circuit Judge.
———————

PER CURIAM.


     Barry W. Register appeals from a judgment of the district court
dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254.
We affirm.


     Register was convicted of theft of property and criminal mischief and
because of prior convictions was given an enhanced sentence of a total of
forty years imprisonment.  On direct appeal, he argued that under a state
evidentiary rule the trial court had

erred in excluding the guilty plea hearing testimony of his codefendant, Donny Whittenburg, in which, inter alia, he told the court "It was just me. I picked up Barry Register."  The state supreme court disagreed, holding that Register had not demonstrated that Whittenburg was unavailable, as the rule required.  Register v. State, 855 S.W.2d 320, 322 (Ark. 1993).  In particular, the state court noted that Register had not made a good faith effort to procure Whittenburg's attendance at trial.  Id.

In his federal habeas petition, Register raised numerous grounds for relief, including a claim that his counsel was ineffective for failing to subpoena Whittenburg.  The district court agreed with the state that all of the grounds were procedurally defaulted and that Register had not demonstrated cause and prejudice or actual innocence to excuse the defaults.

On appeal, Register renews his claim that counsel was ineffective for failing to subpoena Whittenburg.  The district court correctly held that the claim was procedurally defaulted and that Register had not demonstrated cause and prejudice or actual innocence under Schlup v. Delo, 513 U.S. 298 (1995), to excuse the defaults.  On appeal, Register also raises claims of prosecutorial misconduct and evidentiary error.  We do not address these claims.  As the state points out, Register failed to raise these claims in the district court.  Also, as the state points out, his claim of evidentiary error and his claim that counsel violated the state's code of professional conduct involve matters of state law not cognizable in a federal habeas petition.  To the extent that Register attempts to cast the claims as federal constitutional violations,[1] we agree with the state that

---

[1]Concerning his claim that the trial court erred in excluding Whittenburg's guilty plea hearing testimony, Register suggests that the testimony was admissible under United States v. Inadi, 475 U.S. 387, 391 (1986), in which the Supreme Court held that the Confrontation Clause did not require "a showing of unavailability as a condition to admission of the out-of-court statements of a nontestifying coconspirator."  Even if Register's claim were properly before this court, Inadi would not provide support.  In his brief Register indicates that at trial he had waived a Confrontation Clause claim.  Moreover, Register was not charged with conspiracy and Whittenburg's guilty plea hearing testimony was

they are defaulted

_____

not a statement "made while [a] conspiracy is in progress."  Id. at
395.  In Inadi, the Court reasoned that unavailability was not a
prerequisite to admission because statements made during the course
of a conspiracy "provide evidence of the conspiracy's context that
cannot be replicated, even if the declarant testifies to the same
matters in court."  Id.

   Concerning his prosecutorial misconduct claim, Register
asserts that the prosecutor violated his due process rights by
intentionally misleading his counsel with false assurances that
Whittenburg would appear as a state's witness.  Although Register
did not raise a due process claim in the state court, we note that
in rejecting his claim of evidentiary error, the state court
specifically found that "the State's attorney did not make any
assurances that the codefendant would be produced for trial."
Register, 855 S.W.2d at 429.

   We add only that our holding here does not limit any
appropriate state action for prosecutorial misconduct or executive
clemency.

because Register did not raise them in the state court.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.