112 F.3d 514
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Barry W. REGISTER, Appellant,
v.
Larry NORRIS, Director, Arkansas Department of Correction, Appellee.
 No. 96-1726.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 16, 1997.
Filed May 9, 1997.
 
 Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Barry W. Register appeals from a judgment of the district court dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.
 
 
 2
 Register was convicted of theft of property and criminal mischief and because of prior convictions was given an enhanced sentence of a total of forty years imprisonment. On direct appeal, he argued that under a state evidentiary rule the trial court had erred in excluding the guilty plea hearing testimony of his codefendant, Donny Whittenburg, in which, inter alia, he told the court "It was just me. I picked up Barry Register." The state supreme court disagreed, holding that Register had not demonstrated that Whittenburg was unavailable, as the rule required. Register v. State, 855 S.W.2d 320, 322 (Ark.1993). In particular, the state court noted that Register had not made a good faith effort to procure Whittenburg's attendance at trial. Id.
 
 
 3
 In his federal habeas petition, Register raised numerous grounds for relief, including a claim that his counsel was ineffective for failing to subpoena Whittenburg. The district court agreed with the state that all of the grounds were procedurally defaulted and that Register had not demonstrated cause and prejudice or actual innocence to excuse the defaults.
 
 
 4
 On appeal, Register renews his claim that counsel was ineffective for failing to subpoena Whittenburg. The district court correctly held that the claim was procedurally defaulted and that Register had not demonstrated cause and prejudice or actual innocence under Schlup v. Delo, 513 U.S. 298 (1995), to excuse the defaults. On appeal, Register also raises claims of prosecutorial misconduct and evidentiary error. We do not address these claims. As the state points out, Register failed to raise these claims in the district court. Also, as the state points out, his claim of evidentiary error and his claim that counsel violated the state's code of professional conduct involve matters of state law not cognizable in a federal habeas petition. To the extent that Register attempts to cast the claims as federal constitutional violations,[1] we agree with the state that they are defaulted because Register did not raise them in the state court.
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 Concerning his claim that the trial court erred in excluding Whittenburg's guilty plea hearing testimony, Register suggests that the testimony was admissible under United States v. Inadi, 475 U.S. 387, 391 (1986), in which the Supreme Court held that the Confrontation Clause did not require "a showing of unavailability as a condition to admission of the out-of-court statements of a nontestifying coconspirator." Even if Register's claim were properly before this court, Inadi would not provide support. In his brief Register indicates that at trial he had waived a Confrontation Clause claim. Moreover, Register was not charged with conspiracy and Whittenburg's guilty plea hearing testimony was not a statement "made while [a] conspiracy is in progress." Id. at 395. In Inadi, the Court reasoned that unavailability was not a prerequisite to admission because statements made during the course of a conspiracy "provide evidence of the conspiracy's context that cannot be replicated, even if the declarant testifies to the same matters in court." Id
 Concerning his prosecutorial misconduct claim, Register asserts that the prosecutor violated his due process rights by intentionally misleading his counsel with false assurances that Whittenburg would appear as a state's witness. Although Register did not raise a due process claim in the state court, we note that in rejecting his claim of evidentiary error, the state court specifically found that "the State's attorney did not make any assurances that the codefendant would be produced for trial." Register, 855 S.W.2d at 429.
 We add only that our holding here does not limit any appropriate state action for prosecutorial misconduct or executive clemency.