### MARIO CHISM, Appellant *v.* THE STATE OF NEVADA, Respondent.

No. 31342

February 26, 1998                                954 P.2d 1183

---

*Morgan D. Harris,* Public Defender, and *Robert D. Caruso,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Mario Chism appeals from a judgment of conviction of conspiracy to commit robbery (count I), possession of a stolen vehicle (count II), two counts of burglary while in possession of a firearm (counts III and V), and two counts of robbery with use of a deadly weapon (counts IV and VI). The district court sentenced Chism to imprisonment for: a term of thirteen (13) to sixty (60) months on count I; a term of twelve (12) to forty-eight (48) months on count II to be served concurrently with count I; a term of forty-eight (48) to one hundred twenty (120) months on count III to be served concurrently with count II; a term of forty-eight (48) to one hundred twenty (120) months, plus an equal and consecutive term for the deadly weapon enhancement, on count IV to be served concurrently with count III; a term of forty-eight (48) to one hundred twenty (120) months on count V to be served concurrently with count IV; and a term of forty-eight (48) to one hundred twenty (120) months, plus an equal and consecutive term for the deadly weapon enhancement, on count VI to be served concurrently with count V. The district court further ordered the sentence in this case to be served consecutively to another,

unrelated case. Finally, the district court ordered Chism to pay a $25.00 administrative assessment fee and a $500.00 attorney fee.

Chism's only contention on appeal is that the evidence presented at trial was insufficient to support the jury's finding of guilt. The state, in response, urges this court to hold that the issue of sufficiency of the evidence is waived unless the defendant moves for a judgment of acquittal in the district court.[1]

This court, however, has never refused to review the sufficiency of the evidence in a criminal case based on the defendant's failure to move for a judgment of acquittal. Moreover, NRS 175.381 permits a defendant to move for an acquittal, it does not require him to do so. We therefore decline the state's invitation to adopt a waiver analysis with respect to sufficiency of the evidence.

In this case, our review of the record on appeal reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See* Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980).

Between 5:00 and 6:00 in the morning on August 22, 1996, the Von's grocery store at Pecos and Russell in Las Vegas and the Boston Grill & Bar in Las Vegas were robbed by a man carrying a rifle. Witnesses at the grocery store described a man wearing a sheet or "hood" over his head, light blue nylon jogging pants, a dark colored shirt, gloves, and white tennis shoes. Although the majority of the man's face was covered, at least two of the grocery store witnesses could see the skin area around the man's eyes and testified that they believed he was African-American. The man threatened the cashier in charge of the video poker machines in the grocery store, Patricia Covington, and ordered her to fill a pillowcase with all of the currency and coin. Covington testified that, in addition to the cash, she put approximately $1600 in quarters in the pillowcase and that the man had to drag the pillowcase out of the store. During the robbery, some workers in the back of the store exited through a back door and noticed a white station wagon parked with its engine idling and its

---

[1]In support of its position, the state cites the following: United States v. Ward, 914 F.2d 1340, 1346-47 (9th Cir. 1990) (to preserve the issue of sufficiency of the evidence on appeal, the defendant must move for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(a)), *modified,* 946 F.2d 899 (9th Cir. 1991); Jones v. State, 931 S.W.2d 83, 84-85 (Ark. 1996) (similar); and 2 Charles Alan Wright, *Federal Practice and Procedure* § 469, at 672 (2d ed. 1982) ("There is a seemingly well-settled doctrine that if no motion for judgment of acquittal was made in the trial court, an appellate court cannot review the sufficiency of the evidence.").

lights on.[2] One witness, Sam Gibbs, saw a man run and get in the driver's seat, and a few seconds later, saw another man wearing a hood and carrying a rifle run up and get in the passenger's seat. Gibbs could hear change falling while the second man was running.

The only witness to the subsequent robbery at the Boston Grill & Bar that occurred approximately one half-hour later was Mike Pangrac. Pangrac described a man wearing a towel or sheet over his head, light blue sweat pants, and a dark blue shirt. The man had a rifle and ordered Pangrac to fill a plastic bag with cash from the gaming drawer and the cash register. The man told Pangrac not to give him any coins. Pangrac put all the cash, plus two checks made out to the bar, in the bag. During the robbery, the man's hood slid down to expose his entire face. The man took the bag and got in the passenger door of a white station wagon, which headed east on Spring Mountain. Pangrac called 911. Within minutes, the police called Pangrac to another location to make an identification.

A patrol officer, Ernest Brown, spotted a vehicle, fitting the description given by Pangrac and witnesses at the grocery store, in an eastbound lane on Spring Mountain. Officer Brown began following the suspect vehicle, waiting for backup patrol cars to arrive. Other patrol cars arrived at a nearby intersection and one officer made eye contact with Chism, who slid down in the passenger seat. The suspect vehicle went through the intersection after the light changed and began to increase speed. The officers moved in behind the suspect vehicle and activated their overhead lights. A chase ensued, and the driver of the suspect vehicle lost control and stopped in the dirt area to the side of a highway onramp. Chism exited the vehicle from the passenger side and began to run. When Chism was arrested, a police officer discovered a plastic grocery bag, filled with money and two checks made out to the Boston Grill & Bar, stuffed inside the front of Chism's pants. During an inventory search of the white station wagon, a loaded rifle and a pillow case containing cash and coin were retrieved. Also, coins were strewn over the floor of the car.

Pangrac and witnesses from the grocery store were brought to the scene. Pangrac positively identified Chism based on the robber's face and clothing. Although the grocery store witnesses could not see the robber's entire face, they were able to identify Chism as the robber based on his clothing. In particular, many of them testified that Chism's nylon pants had made a distinctive

[2]At approximately 7:30 a.m., Salah Kneibe reported his white station wagon stolen. At approximately 11:00 p.m. the night before, Kneibe had parked the car outside his apartment. When the car was recovered, the ignition had been tampered with so that the car could be started without a key.

noise when he walked. Also, Gibbs was able to identify the white station wagon that he had seen the robber get in after leaving the grocery store. Finally, John Villa, an employee at the grocery store, testified that he was able to identify Chism as the robber based on his eyes and clothing.

The jury could reasonably infer from the evidence presented that Chism was guilty on all counts. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See* Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981). Accordingly, we affirm the judgment of conviction.