SLIP OPINION

Cite as 2015 Ark. 197

# SUPREME COURT OF ARKANSAS

No. CR-14-1077

| | | | |
|---|---|---|---|
| JON MILLS | | **Opinion Delivered** May 7, 2015 | |
| | APPELLANT | | |
| V. | | PRO SE MOTION FOR APPEAL [SALINE COUNTY CIRCUIT COURT, NO. 63CR-94-378] | |
| STATE OF ARKANSAS | | HONORABLE GARY ARNOLD, JUDGE | |
| | APPELLEE | | |
| | | APPEAL DISMISSED; MOTION MOOT. | |

## PER CURIAM

In 1995, Jon Mills was found guilty by a jury in the Saline County Circuit Court of rape and sexual abuse and sentenced to an aggregate term of life imprisonment. We affirmed. *Mills v. State*, 321 Ark. 621, 906 S.W.2d 674 (1995).

More than nineteen years after he was convicted of the offenses, Mills filed in the trial court a pro se "Motion of Facts." He named Saline County and the City of Benton as defendants and sought money damages, but he placed the docket number of his criminal case on the motion, and it was filed by the circuit clerk in that criminal case.

In the motion, Mills contended the following: the evidence at his trial was insufficient to sustain the verdict; the State "falsified" his conviction; judges in Saline County "are circuit/chancery judges with county-wide jurisdiction only and has [sic] no type of jurisdiction to impose a sentence to the Arkansas Department of Correction whatsoever;" the Benton Police Department improperly arrested him without medical records that proved beyond a reasonable

SLIP OPINION

doubt that rape had been perpetrated; Saline County violated the Fourteenth Amendment to the United States Constitution; the transcript of his trial has been wrongfully kept from him; Saline County officials are corrupt and Mills was charged with the crime because he had witnessed a murder committed by the prosecutor in 1992; the prosecution and the trial judge failed to abide by the rules of criminal procedure in his case and denied him due process of law; it was a conflict of interest for the prosecutor who was corrupt, and ultimately convicted of a felony, to be in office; his trial attorney did not render effective assistance of counsel. Mills concluded the motion with the claim that the conviction in his case was not justified. The trial court denied the motion, and Mills has lodged an appeal here.

Mills's brief-in-chief was due to be filed in the appeal on January 26, 2015. He did not file a brief or seek an extension of time to file a brief, and he has not filed a motion to file a belated brief.

On February 17, 2015, Mills filed the "Motion on Appeal," which is now before us. The motion consists of a reiteration of some of the claims contained in the "Motion of Facts" that was denied by the trial court, coupled with new arguments pertaining to Mills's allegations of insufficiency of the evidence to sustain the judgment of conviction in his case and new claims that Mills's constitutional rights were violated at trial.

It appears that the motion before us may have been intended by Mills as a substitute for the timely filing of a brief because it is styled a "motion of appeal," and it raises the issues raised in the trial court. It also adds some issues not raised below and argues that all of the issues warrant reversal of the judgment of conviction in Mills case. If it were intended to take the place

SLIP OPINION

of a brief, the motion cannot substitute for filing the brief.

We have held that failure of an appellant who is acting pro se to file a brief in an appeal is cause for dismissal of the appeal. *Campbell v. State*, 2015 Ark. 40 (per curiam). As Mills has failed to file a brief in this appeal and has taken no action to pursue the appeal except for filing the instant motion, the appeal is dismissed. *See Ball v. State*, 2014 Ark. 152 (per curiam). The motion is moot.

Moreover, Mills could not prevail if the appeal went forward inasmuch as it is clear from the record that the "Motion of Fact" was not a timely pleading. The pleading filed in the trial court was filed in Mills's criminal case, and, as a request for relief from the judgment of conviction, it was not timely filed. Regardless of the label placed on a pleading by the petitioner, a pleading that mounts a collateral attack on a judgment of conviction is governed by the time provisions of Arkansas Rule of Criminal Procedure 37.1. *See Green v. State*, 2014 Ark. 115 (per curiam). To the extent that the assertions raised in Mills's motion were intended as a collateral attack on the judgment and, thus, cognizable under the Rule, the motion was untimely. Rule 37.2(c) provides that all grounds for postconviction relief must be raised in a petition under the rule filed within sixty days of the date that the appellate court's mandate affirming the judgment was issued. This court's mandate in the instant case was issued on October 20, 1995, and Mills was obligated to proceed under the rule within sixty days of that date. Time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, a trial court lacks jurisdiction to grant postconviction relief. *Bates v. State*, 2012 Ark. 394; *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989). The trial court had no jurisdiction to grant the relief sought. When the

SLIP OPINION

lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Ussery v. State*, 2014 Ark. 186 (per curiam).

To the extent that any claim for relief in the motion was intended as a direct attack on the judgment of conviction, it was not properly before the trial court because such a challenge must be brought by direct appeal from the judgment in accordance with the prevailing rules of procedure. *See Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam) (Trial error is a matter to be addressed during trial and on the record on direct appeal from the judgment.). Mills pursued a direct appeal from the judgment in his case in 1995, and, as stated, the judgment was affirmed. Any assertion of trial error that Mills desired to raise should have been raised at trial and in the direct appeal in 1995.

Appeal dismissed; motion moot.