# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3999

_____

James L. Spencer,                           *
                                            *
    Plaintiff - Appellant,          *
                                            *   Appeal from the United States
v.                                          *   District Court for the
                                            *   Eastern District of Arkansas.
Daniel W. Young, Individually,              *
& as Agent/Employee of Key Point            *
Carriers, Ltd; Key Point Carriers, Ltd.,    *
                                            *
    Defendants - Appellees.         *

_____

Submitted: June 13, 2007
Filed: July 23, 2007

_____

Before MURPHY, BEAM, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

    James L. Spencer brought this negligence action in state court against Daniel W. Young and his employer, Key Point Carriers, Ltd. (Key Point). Young was the driver of a tractor trailer involved in an accident with Spencer, and he and Key Point removed the action to federal district court. Key Point filed a counterclaim against Spencer for negligence, and a jury found both Spencer and Young negligent. The

district court[1] denied Spencer's motion for judgment as a matter of law or for a new trial and Spencer appeals, arguing that his motion in limine should have been granted and that there was an inconsistent verdict. We affirm.

Spencer finished work outside of Memphis, Tennessee after 10:10 pm on January 31, 2004, and began to drive home. He stopped at a gas station where he purchased a six pack of bottled beer and set it on the passenger side floorboard. While caught in traffic he drank one of the beers. After stopping at his house to pick up his wife Brandy, the two of them drove to West Memphis, Arkansas to refuel because gas prices were lower there than in Tennessee. The accident occurred while Spencer was driving south on the inside lane of Martin Luther King, Jr. Drive just before 11:00 pm. The two vehicles collided when Young, who was coming from the opposite direction, began a left turn. The Spencers were seriously injured and taken to a hospital by ambulance and medivac.

There were no uninvolved witnesses to the accident. Doyle Barnes, a security officer working at a nearby gas station, testified that he heard the collision, and he was the first to arrive at the site. Police officers arrived and observed that Spencer's taillights were not on. Barnes and others testified that when they looked inside Spencer's car, they saw the headlight switch was off. After testing the vehicle's lightbulb assembly and filaments and observing the headlight switch, Spencer's expert, William Ford, concluded that Spencer's headlights had been on at the time of the collision, but the opposing expert, John Bentley, concluded after his testing that the headlights had been off. Young testified that he saw a flash of light just before the accident, but he did not know if it came from Spencer's headlights. Both experts testified that Spencer should have had time to stop before the collision, but that he had not applied his brakes.

---

[1]The Honorable George Howard, Jr., late a United States District Judge for the Eastern District of Arkansas.

First responders smelled alcohol on Spencer's breath and in the car; they also saw broken beer bottles, at least four of which were still capped, on the front passenger side floorboard. A West Memphis police officer stated that Spencer's breath smelled like liquor immediately following the collision; he also observed the broken beer bottles in the car. Spencer was charged with driving while intoxicated (DWI) and driving without headlights; both charges were later dropped for lack of evidence.

Spencer and his wife Brandy sued Young and Key Point in Arkansas state court for negligence; Brandy Spencer settled her negligence claim before the case went to trial. The defendants removed the action to the United States District Court for the Eastern District of Arkansas and Key Point asserted a counterclaim for negligence against Spencer.

Spencer filed a pretrial motion in limine to exclude any evidence "to the effect that [he] was intoxicated, had a six pack of beer in the car, and was driving with no headlights on." He argued that this evidence was irrelevant, that there was no evidence that he had been impaired, and that any relevance was outweighed by its potential prejudice to Spencer. Young and Key Point countered that they would show Spencer was impaired by expert testimony that he could have stopped but did not brake and that his headlights were off immediately following the collision. This evidence was not only relevant but probative of Spencer's comparative negligence they argue. The district court concluded that the alcohol related evidence was relevant to impairment and factually supported and denied the motion in limine. Spencer renewed his argument in a supplementary motion and in a motion for reconsideration; both were denied.

On the morning trial began, both parties sought clarification of the court's pretrial ruling and Spencer renewed his motion to exclude the alcohol evidence:

> SPENCER'S ATTORNEY: [T]he thrust of what we're saying here is if [Young and Key Point] cannot prove at any point that [Spencer] was

impaired or that he was intoxicated we don't think they should be allowed to bring up anything about the beer.

THE COURT: Here is what we will do. When they make their offer if you feel that a sufficient foundation has not been established you may raise an objection and I'll reconsider it but currently I'm granting them permission to offer that regarding the beer contained in that vehicle … .

Following this ruling, Spencer's counsel concluded that the most effective trial strategy would be to raise the alcohol evidence himself in his opening statement and through testimony from his own witnesses.

During trial Spencer acknowledged that while driving within the hour prior to the collision he consumed one beer out of the six pack. He stated that as he drove down Martin Luther King, Jr. Drive he saw Young's tractor trailer enter the drive from the interstate, but that he did not see it immediately before the collision because another tractor trailer was directly in front of it. Young testified that he saw a flash of light immediately before the collision but could not say if it came from Spencer's car. Officers testified that when they arrived on the scene, Spencer's headlight switch was off, the interior of his vehicle and his breath smelled like alcohol, and that there were at least four bottles of beer on the front passenger floorboard that were broken but still capped. The parties' expert witnesses differed in their conclusions about whether Spencer's headlights were on at the time of the accident. Both agreed, however, that Spencer should have had time to stop before the collision if he had been traveling at a normal speed under normal conditions, but he had not used his brakes at all.

The parties agreed on jury instructions and four verdict forms. There was one verdict form for the jury to use if it found in favor of Spencer, another if the jury found against him, one if the jury found in favor of Key Point on its counterclaim, and another if the jury found against it. The district court instructed the jury on how to use these forms; these instructions included the following:

-4-

Should you find that James Spencer and Daniel Young were equally negligent or that neither was negligent, then neither can recover from the other and you should find against James Spencer on his complaint and against Key Point Carriers on its counterclaim.

After deliberations the jury submitted two verdict forms to the district court, finding against Spencer on his claim and against Key Point on its counterclaim. When the district court asked whether the jury had determined the amount of damages Spencer was due, the foreperson responded that the jury had not awarded any damages because it had not found in his favor.

Spencer moved for judgment as a matter of law or for a new trial, arguing that the court had erred in denying its pretrial motions to exclude the alcohol related evidence and in accepting the jury's verdict which it said was not supported by the evidence and was ambiguous. Young and Key Point responded that Spencer had waived his evidentiary objections by raising the topic in his opening statement and introducing the evidence at trial, that the evidence was properly admitted in any event, and that the verdict was supported by the record and was not ambiguous. The court denied Spencer's motion. Spencer appeals and asks for a new trial.

Spencer argues that the district court erred in denying his motions to exclude the alcohol related evidence. Appellees respond that Spencer waived this issue by referring to the evidence in his opening statement and failing to object when it was admitted during the trial. They add that the evidence was properly admissible in any event. We generally review evidentiary rulings for an abuse of discretion, General Electric Co. v. Joiner, 522 U.S. 136, 151 (1997); Miles v. General Motors Corp., 262 F.3d 720, 723 (8th Cir. 2001), but if the evidence was introduced at trial without objection our review is for plain error. Ross v. Douglas County, 234 F.3d 391, 394 (8th Cir. 2000).

The denial of a motion in limine does not generally preserve error for appellate review. Id. But there is an exception if the court made a definitive ruling on a fully

briefed and argued motion which affected the entire course of the trial. In that limited circumstance the requirement for an objection would be more of a formality. See Sprynczynatyk v. General Motors Corp., 771 F.2d 1112, 1118 (8th Cir. 1985). Spencer argues that his introduction of evidence about the beer did not waive his right to appeal its admission because the court's denial of his motion to exclude it just before trial was definitive and affected the rest of the trial, citing Sprynczynatyk. While Spencer's motion to exclude was briefed and argued several times before trial, the district court never made a definitive ruling on the issue. Sprynczynatyk is thus inapposite. Here, the court made it clear that it would reconsider Spencer's motion if he renewed his objection when defendants offered the evidence if he felt they had not laid a proper foundation.

In managing the course of a trial a district court may wait to make a definitive evidentiary ruling until its decision can be informed by a fuller context. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984). When a party has received an unfavorable preliminary ruling that indicates the court plans to admit evidence, the party must decide whether to wait for a definitive ruling at trial or to try to take the sting out of the evidence by being the one first to introduce it. The general rule is that "a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." Canny v. Dr. Pepper/Seven-Up Bottling Group, 439 F.3d 894, 904 (2006), quoting Ohler v. United States, 529 U.S. 753, 755 (2000). Canny was a disability case in which the district court granted the defendant's request to exclude a letter from its counsel with the proviso that the plaintiff would be able to cross examine defense witnesses about the substance of the letter; the defendant decided to introduce the contents of the letter itself and on appeal it was not permitted to "avoid the consequence of its own trial tactic by arguing it was forced to introduce the evidence during the direct examination . . . to diminish the prejudice." Id. at 904. When Spencer made the strategic decision to take the sting out of the alcohol related evidence by mentioning it during his opening statement and introducing it later, he likewise waived his right to appeal the issue.

-6-

Because Spencer himself introduced the alcohol related evidence, we review the district court's evidentiary ruling for plain error. Ross, 234 F.3d at 394. Although Spencer urges us to follow Arkansas law here, the Federal Rules of Evidence provide the standards for relevancy in a diversity action. See Hanna v. Plumer, 380 U.S. 460, 472-73 (1965). Unlike the Arkansas rule which may limit admission of alcohol consumption short of intoxication, see Wade v. Grace, 902 S.W.2d 785, 789-90 (Ark. 1995), evidence of alcohol consumption may be relevant under the federal rules to the question of whether a driver contributed to a collision. See Miles, 262 F.3d at 723. Here, Spencer admitted that he consumed one beer within the hour prior to the collision and first responders smelled alcohol on his breath. The jury could have inferred from this evidence that Spencer's alcohol consumption contributed to his headlights being off and to inattentiveness to oncoming traffic. Based on all of the evidence in the record, we conclude there was no plain error in admitting the alcohol related evidence.

Spencer argues that the district court also erred in denying his posttrial motion for judgment as a matter of law or for a new trial. He says the verdict was ambiguous and inconsistent because the jury had been instructed to "compare the percentages" of the parties' negligence if it found that both proximately caused the collision, and the jury did not assign percentages of fault when it returned its verdict. Spencer stipulated to both the jury instructions and verdict forms, however. Neither the instructions nor the verdict forms told the jury to write down the percentage of fault allocated to either party. The jury verdict was consistent with the instructions, and the logical conclusion from the verdict against both parties is that the jury found them equally negligent. Furthermore, failure "to object to any asserted inconsistencies [or to] move for resubmission of the inconsistent verdict before the jury is discharged" waives the right to a new trial. Brode v. Cohn, 966 F.2d 1237, 1239 (8th Cir. 1992), quoting Lockard v. Missouri Pacific Ry., 894 F.2d 299, 304 (8th Cir. 1990).

After the jury announced its verdict, the district court asked counsel if they had "[a]ny comments or observations." Spencer's counsel responded, "None, your Honor,"

and the court dismissed the jury. If Spencer believed the verdict was ambiguous or inconsistent, he should have requested that the matter be resubmitted to the jury before it was discharged. The preferred procedure is "to allow the original jury to eliminate any inconsistencies without the need to present the evidence to a new jury." Id. Because Spencer did not object to the verdict before the jury was discharged and because the jury instructions and verdict indicate that the jury found the parties equally negligent, the district court did not err in denying Spencer's motion for judgment as a matter of law or for a new trial.

For these reasons we affirm the judgment of the district court.

_____