**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-738 |
| Plaintiff-Appellee, | |
| | D.C. No. 3:20-cr-00090-JMK-MMS-1 |
| v. | |
| | MEMORANDUM[*] |
| JASON ACHILLES McANULTY, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, Magistrate Judge, Presiding

Argued and Submitted October 22, 2024
San Francisco, California

Before: GILMAN,[**] WARDLAW, and COLLINS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

[**]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

A jury convicted Jason Achilles McAnulty of violating 21 U.S.C. § 841(a)(1) by distributing heroin. He appeals his conviction on the sole ground that the district court improperly admitted evidence of his participation in a prior unrelated robbery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. As an initial matter, McAnulty waived his right to challenge the admissibility of the complained-of evidence on appeal because he introduced the evidence himself. "[A] party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." *Ohler v. United States*, 529 U.S. 753, 755 (2000). In *Ohler*, the Court held that this principle applied even when the defendant, like McAnulty, timely objected to an *in limine* ruling that would have allowed the government to elicit the evidence on cross-examination of a defense witness. *Id.* at 757–59; *see also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 954 (9th Cir. 2011) ("A party's preemptive use of evidence at trial before its introduction by the opposing party constitutes a waiver of the right to challenge the admissibility of the evidence on appeal." (citing *Ohler*, 529 U.S. at 757–59)).

McAnulty argues that *Ohler* is distinguishable on two grounds, neither of which is persuasive. First, he points out that *Ohler* dealt with the impeachment of a defendant with a prior conviction. McAnulty argues that because the challenged evidence in the present case concerned McAnulty's prior participation in a crime

2

and not a prior conviction, *Ohler* does not apply. But neither the Ninth Circuit nor any other has held that such a limitation exists. In fact, other circuits have applied the principle of *Ohler* in a variety of contexts. *See, e.g.*, *Tersigni v. Wyeth*, 817 F.3d 364, 370 (1st Cir. 2016) (applying *Ohler* when the defendant objected to the admission of evidence of past cocaine use); *Spencer v. Young*, 495 F.3d 945, 949–50 (8th Cir. 2007) (applying *Ohler* when the defendant objected to the admission of evidence that his breath smelled of alcohol). We find no rationale for not applying the principle of *Ohler* in the present context.

Second, McAnulty argues that *Ohler's* holding is restricted to instances in which a party preemptively introduces evidence that the trial court deemed admissible on a pretrial motion, whereas in the present case the challenged *in limine* ruling occurred during the trial. In McAnulty's view, "[t]he tentative nature of the ruling is one of the rationales behind *Ohler*." We disagree that *Ohler* is distinguishable from the present case on this ground. The ultimate outcome of the ruling here was also uncertain even though the ruling occurred during the trial rather than before.

As the Supreme Court acknowledged in *Ohler*, "both the Government and the defendant in a criminal trial must make choices as the trial progresses." *Ohler*, 529 U.S. at 757. McAnulty made the choice to elicit testimony about his participation in the prior unrelated robbery. Like the defendant in *Ohler*, he made

3

that choice when he could not have known for certain whether the government would ultimately seek to introduce that evidence.

McAnulty contends that both the district court's and the government's "minds were made [up]" with respect to the admission of the evidence as soon as the court issued the ruling. But we disagree with that assessment. As the Supreme Court explained in *Ohler*, even when a trial judge has indicated that he or she will allow certain impeachment evidence, "the Government still ha[s] to consider whether its use might be deemed reversible error on appeal. This choice is often based on the Government's appraisal of the apparent effect of the [witness's] testimony," which it cannot assess before the testimony occurs. *Id.* at 758.

2. Moreover, even if McAnulty had not waived his right to challenge the admissibility of the evidence—and even assuming that its admission was erroneous—the harmless-error doctrine is applicable because "it is more probable than not that the [alleged] error did not materially affect the verdict." *United States v. Spangler*, 810 F.3d 702, 708 (9th Cir. 2016) (quoting *United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010)). The government presented overwhelming evidence that McAnulty was guilty of distributing heroin. That evidence included testimony about two heroin sales to a confidential informant that were supervised by law enforcement, an audio recording of one of those sales, and text messages regarding the transactions. The jury also heard testimony that McAnulty sold

4

heroin to the informant on other occasions. Finally, law enforcement seized substantial physical evidence of heroin distribution from McAnulty's residence, including scales, multiple cell phones, and over $34,000 in cash. The alleged error does not undermine the cumulative strength of that evidence.

**AFFIRMED.**